Wanda M. Ashby, Administrator of Estate of Lyndon V. Ashby, Deceased, Plaintiff-Appellee, v. Joseph A. Irish, Jr., Defendant-Appellant.

Gen. No. 9,916.

Opinion filed March 9, 1954. Released for publication March 26, 1954.

MASSEY, ANDERSON & GIBSON, of Paris, for appellant; EARL R. ANDERSON, of Paris, of counsel.

DILLAVOU & JONES, of Paris, for appellee; WARD E. DILLAVOU, and WAYNE S. JONES, both of Paris, of counsel.

MR. JUSTICE CARROLL delivered the opinion of the court.

Defendant appeals from a judgment of the circuit court of Edgar county entered on a jury verdict for plaintiff in an action for the wrongful death of her intestate alleged to have been caused by the wilful and wanton misconduct of defendant in the operation of his automobile. A motion by defendant for judgment notwithstanding the verdict and the alternate motion for a new trial were overruled.

The accident resulting in the death of Lyndon V. Ashby, plaintiff's intestate, occurred on December 22, 1951 at about 1:15 p. m. on Illinois State Route 1 at a point about 3½ miles north of Chrisman, in Edgar county. The road was icy in spots and there was snow on the shoulders. The defendant and the decedent riding in defendant's Chevrolet convertible car were proceeding north. There is a dispute as to the identity of the driver of the defendant's car at the time of the accident. The road curves to the right near the point where the accident occurred. Defendant's car either skidded or was driven off the right side of the pavement. It then spun back across the pavement to the left or west side of the road and up an embankment. It came to rest facing southeasterly on the west shoulder of the road 250 to 300 feet from where it went off the pavement. The right-hand side of the car was badly damaged. The decedent was thrown from the car and died as a result of injuries sustained in the accident.

11

The defendant bases his argument for reversal of the judgment upon two propositions, namely (1) that the verdict is contrary to the manifest weight of the evidence and (2) that the trial court erred in denying defendant's motion for judgment notwithstanding the verdict and his alternate motion for a new trial.

██ ██ As to the first proposition, reference may be appropriately made to the well established rule that unless the verdict of the jury is manifestly and palpably against the weight of the evidence, this court is bound by such verdict. If there is substantial evidence supporting the verdict in the record, then a reviewing court is not justified in overruling the judgment of the jury as to the weight of such evidence or its probative value. *Aldridge v. Morris,* 337 Ill. App. 369; *Seeden v. Kolarik,* 350 Ill. App. 238.

It appears from the record that the only seriously disputed question of fact on the trial was as to whether the defendant or the decedent was driving the car at the time of the accident. Five witnesses testified for the plaintiff to the effect that during the week following the accident the defendant stated he was the driver of the car. There was also evidence that only the right-hand side of the car was badly damaged; that the steering wheel was intact, and that the defendant was under the car after it stopped. These were circumstances bearing upon the issue as to the identity of the driver of the car. The testimony of the witnesses and the circumstances shown must be said to constitute substantial evidence tending to prove that defendant was driving the car. In opposition to plaintiff's evidence on this point, the defendant testified that decedent was driving at the time of the accident. His witness, Mrs. Allen Lewis testified that she saw a person, whom she did not know but some one other than the defendant, driving the defendant's car in Chrisman on the day of the accident. She was unable to fix the time at which she saw

12

defendant's car other than to say that it was some time after noon.

 It thus appears there was conflicting evidence before the jury on the question as to the identity of the driver of the car at the time of the accident. It was the jury's province to determine from a consideration thereof whether on the particular point involved it preponderated in favor of plaintiff.

 The other proposition for which the defendant contends is that plaintiff failed to prove that the defendant was guilty of wilful and wanton misconduct in driving his car as required by the guest statute of Illinois. To entitle plaintiff to recover, it was incumbent upon her to prove by a preponderance of the evidence that the defendant was guilty of wilful and wanton misconduct which contributed to the death of her intestate. (Par. 58a, chap. 95½, Illinois Revised Statutes, 1953 [Jones Ill. Stats. Ann. 85.064 (1)].)

Whether plaintiff has met the above requirements as to proof in this case can only be determined from an examination of the evidence in the record. The condition of the highway at the time and point of the accident was described by a number of witnesses as being icy in spots, wet in spots, with snow and ice on the shoulders. The witness, Moody Gilbert, testified that the road at the scene of the accident seemed to be slick. The paved portion of the road was 16 feet wide. There is a curve to the right for northbound traffic at the point where the accident occurred. There were a number of cars using the highway at the time of the occurrence. The witness, Gene Hanson, testified that he met defendant's car about 500 or 600 feet from the point of the accident; that defendant's car was travelling 75 to 80 miles per hour; that it swerved to the right as he met it; that "he was having to fight the wheel to keep it under control, it looked to me like. I pulled off the edge of the pavement"; and that the shoulders of the

13

road were bad and there were patches of ice on the pavement and in other places it was wet. Maxine Hanson, wife of Gene Hanson, testified essentially the same as did her husband, except she estimated the speed of defendant's car at 70 to 75 miles per hour. Marjorie Bradling testified as to a conversation she had with defendant after the accident in which defendant told the witness that he "must have lost control on the curve" and that he must have been going pretty fast. Mary Burnside testified that defendant told her shortly after the accident that he ran off the pavement and that was all he could remember.

■ Considering this evidence in its aspects most favorable to plaintiff, it would seem to fairly tend to prove that the defendant's car was being driven at a speed of from 70 to 80 miles per hour on a 16-foot paved road on which there were patches of ice and wet spots with ice and snow on the shoulders. The ultimate question to be resolved however, is not whether the defendant was negligent in driving his car in the manner and under the circumstances indicated but whether in so doing he was guilty of wilful and wanton misconduct.

The defendant earnestly contends that the plaintiff's evidence fails as proof of wilful and wanton misconduct on the part of the defendant because there is no evidence as to the manner in which the car was driven aside from the testimony of witnesses that it was proceeding at an excessive rate of speed. The defendant's argument proceeds upon the proposition that evidence of mere speed is insufficient to establish wilful and wanton misconduct. Such an argument can only be sustained by assuming that the decisions of the courts of this State furnish a rigid definition of wilful and wanton misconduct from which the existence or non-existence thereof may be determined in a given case.

■ Although the courts have had occasion to define wilful and wanton misconduct in many cases, it has

14

always been done in general terms and with no attempt to indicate that any particular type of misconduct may be said to be wilful and wanton under all circumstances. Misconduct which falls within the category designated as being wilful and wanton is generally said to be conduct exhibiting a reckless disregard for the safety of others or conduct under circumstances indicating a conscious indifference to its consequences. *Schneiderman v. Interstate Transit Lines, Inc.,* 394 Ill. 569; *Provenzano v. Illinois Cent. R. Co.,* 357 Ill. 192; *Bartolucci v. Falleti,* 382 Ill. 168.

Due recognition is given to those cases in which the courts have held mere proof of unlawful speed to be insufficient to support a charge of wilful and wanton injury. *Streeter v. Humrichouse,* 261 Ill. App. 556; *Enochs v. Travett,* 229 Ill. App. 235.

It must be noted, however, that the *Streeter* case, *supra,* was reversed by the Supreme Court in *Streeter v. Humrichouse,* 357 Ill. 234. In its opinion in that case, the court had this to say on the question of speed as evidence of wilful and wanton misconduct: "We cannot agree with the defendant that the speed of the Dodge coupe was the only evidence to support the charge of a wilful and wanton injury. We cannot agree that evidence of speed, alone, is insufficient to warrant submitting that question to the jury." The court there also cited its previous ruling in the case of *Balsewicz v. Chicago, B. & Q. R. Co.,* 240 Ill. 238, in which it was held that: "Failure to comply with a speed ordinance may, or may not, establish willfulness or wantonness, according to the rate of speed and the circumstances."

In the very recent case of *Signa v. Alluri,* 351 Ill. App. 11, in passing upon the appellant's contention that the mere fact that a vehicle is travelling at a speed prohibited by law is not a sufficient reason for holding that an injury was wilful or wanton, the court had this to say: "It would appear that the true rule in this State

15

is that speed is a circumstance which may be taken into consideration bearing upon the presence of willful and wanton conduct, and in a given case might of itself establish willful and wanton conduct, taking into consideration the degree of speed with reference to all other surrounding facts and circumstances."

In the instant case there is evidence that the defendant's car was operated at an excessive rate of speed on a highway with a 16-foot pavement slab described by witnesses as being spotty with ice, moisture and snow; that the car swerved when it was some 500 feet from the point of the accident; that the driver of the car appeared to be having difficulty in controlling the same, and that the car skidded and spun across the highway coming to rest on the shoulder of the road about 250 feet from where it left the pavement. In view of these facts and circumstances as shown by the evidence, we are of the opinion that the question as to whether the defendant was guilty of wilful and wanton misconduct was properly submitted to the jury, and that the speed at which defendant's car was operated was a circumstance which might be considered by the jury in determining such question.

This court cannot say that the jury's finding on the issues of the identity of the driver of the car and as to whether defendant was guilty of wilful and wanton misconduct was against the manifest weight of the evidence.

The defendant makes a further contention that the trial court erred in giving certain instructions tendered by the plaintiff. The basis of defendant's criticism of these instructions is that the jury were thereby informed that violation by the defendant of the statute governing the speed of automobiles upon the highway was proof of his wilful and wanton misconduct. The views of this court with reference to the rule applicable to the consideration of evidence of speed in relation to

16

the existence of wilful and wanton misconduct have been herein previously expressed. These instructions do not appear to be in conflict with such rule. When all of the instructions given are considered together, it appears that the trial court correctly informed the jury as to the law of the case.

Careful examination of the record on this review fails to disclose error which would warrant reversal of the judgment.

The judgment of the circuit court of Edgar county is therefore affirmed.

*Affirmed.*

MR. JUSTICE HIBBS took no part in the consideration or decision of this case.