Rade GOVEDARICA, Plaintiff-Appellant,

v.

YELLOW CAB COMPANY, a corporation, Defendant-Appellee.

No. 11210.

United States Court of Appeals Seventh Circuit.

Oct. 29, 1954.

Harry G. Fins and Fred J. O'Connor, Chicago, Ill., for appellant.

John M. O'Connor, Jr., Julius Jesmer, David Jacker, Charles M. Rush, John J. Edman, of Kirkland, Fleming, Green, Martin & Ellis, Jesmer & Harris, Chicago, Ill., for defendant-appellee.

Before SWAIM and SCHNACKEN-BERG, Circuit Judges, and PLATT, District Judge.

SCHNACKENBERG, Circuit Judge.

Plaintiff commenced an action against defendent in the District Court on February 25, 1954. His complaint alleged that he was injured on November 3, 1945, while employed by Chicago Surface Lines, a corporation, due to the negligence, wantonness and malice of

the defendant, when plaintiff was free of any negligence; that both plaintiff and Chicago Surface Lines were then subject to the provisions of the Illinois Workman's Compensation act and the defendant was likewise subject to the provisions of that act; that the first paragraph of § 29 of said act [1] prevented plaintiff from bringing an action for injuries against defendant; that on March 20, 1952, the Supreme Court of Illinois held said paragraph unconstitutional in Grasse v. Dealer's Transport Co., 412 Ill. 179, 106 N.E.2d 124.

The complaint further set forth that part of § 25 [2] of said act reading:

"If any of the provisions of this Act, providing for compensation for injuries to or death of employees shall be repealed or adjudged invalid or unconstitutional, the period intervening between the occurrence of any injury or death and such repeal or final adjudication of invalidity, shall not be computed as a part of the time limited by law for the commencement of any action relating to such injury or death, but the amount of any compensation which may have been paid for any such injury shall be deducted from any judgment for damages recovered on account of such injury."

The complaint charged that "by virtue of the above, the two-year period of limitations within which plaintiff may bring his action against the defendant herein commenced to run on March 20, 1952, and will expire on March 20, 1954."

Defendant moved to dismiss the complaint on the ground that the action was not commenced within two years after the cause of action accrued, as provided by § 15, Chap. 83, Illinois Revised Statutes 1953 [3].

The court sustained this motion and the complaint was dismissed. This appeal followed.

■ There is only one contested issue before us and that is a question of law. Is the two-year period of the statute of limitations to be computed from November 3, 1945, when the injury took place, or from March 20, 1952, when the Supreme Court of Illinois held paragraph 1 of § 29 of the Illinois Workman's Compensation act unconstitutional?

The first paragraph of § 29 of the act, which was held unconstitutional, read:

"Where an injury or death for which compensation is payable by the employer under this Act was not proximately caused by the negligence of the employer or his employees, and was caused under circumstances creating a legal liability for damages in some person other than the employer to pay damages, such other person having also elected to be bound by this Act, or being bound thereby under section three (3) of this Act, then the right of the employee or personal representative to recover against such other person shall be transferred to his employer and such employer may bring legal proceedings against such other person to recover the damages sustained, in an amount not exceeding the aggregate amount of compensation payable under this Act, by reason of the injury or death of such employee."

The provisions of the act which provide for compensation for injuries to or death of employees are sections 7, 8, 9, 10 and 11 [4].

■ The cause of action set forth in the complaint arises from the common

<hr />

1. Sec. 166, chap. 48, Ill.R.S.1949.

2. Sec. 138.25, chap. 48, Ill.R.S.1951.

3. This is § 14 of an act in regard to limitations, approved April 4, 1872, and reads: "Actions for damages for an injury to the person, * * * shall be commenced within two years next after the cause of action accrued."

4. Secs. 138.7 to 138.11, chap. 48, Ill.R.S. 1951.

law and not from a statute. Plaintiff is suing a third person in tort for damages. He is not proceeding against his employer for compensation under the Workman's Compensation act. The provisions of § 25 of the act do not apply except to an action which arises out of some of the provisions of the act providing for compensation for injuries to or death of employees. If plaintiff were permitted by law to proceed with his present action he would be seeking a recovery by virtue of the common law and not by virtue of any provisions of the Workman's Compensation act, and hence the saving provisions of § 25 of that act do not apply to his case.

The judgment of the District Court is affirmed.