Melvin C. Peterson, Appellant, v. Montegna & Company, and Theodore Cigielski, Appellees.

Gen. No. 46,837.

First District, First Division.
June 21, 1956.
Released for publication September 12, 1956.

Edward J. Bradley, and Thomas C. Bradley, both of Chicago, for appellant.

Stanley R. Hauseman, of Chicago, for appellees; William S. Dunning, of Chicago, of counsel.

JUDGE BURKE delivered the opinion of the court.

On March 12, 1954, Melvin C. Peterson filed a complaint against Montegna & Company and Theodore Cigielski to recover damages for injuries suffered because of the negligence of the defendants while plaintiff was free from any negligence in a collision between two motor vehicles on April 28, 1947. At the time of the occurrence the plaintiff and defendants were under the Workmen's Compensation Act. Defendants' motion to dismiss on the ground that the Statute of Limitations barred the action as not brought within two years from the day of the occurrence was sustained and judgment entered accordingly. Plaintiff appeals. He maintains that he had no right to commence the suit until March 20, 1952, when in Grasse v. Dealers Transport Co., 412 Ill. 179, the Supreme Court held the first paragraph of Section 29 [Ill. Rev. Stats. 1947, ch. 48, § 166] of the Workmen's Compensation Act unconstitutional.

■■ The cause of action stated in the complaint accrued on April 28, 1947, and after two years the defense of the Statute of Limitations was effectual. An unconstitutional statute is null and void as of the date of its enactment. It is not a law. It confers no rights, imposes no duties and affords no protection. It is, in legal contemplation, as inoperative as though it had

110

never been passed. Norton v. Shelby County, 118 U. S. 425; People v. Schraeberg, 347 Ill. 392, 394. In contemplation of law plaintiff had the right to bring his action within two years of the occurrence. Paul C. Grasse brought his action against the Dealers Transport Company within two years. Plaintiff in the instant case had the same right as Grasse. We are of the opinion that the cases cited by plaintiff do not support his position. Section 23 of the Limitations Act (Par. 24, Ch. 83, Ill. Rev. Stat. 1955) which provides that when the commencement of an action is stayed by a statutory prohibition the time of the continuance of the prohibition is not part of the time limited for the commencement of the action, has no application to the instant case because the statutory prohibition, not being constitutional, conferred no right, imposed no duty and afforded no protection.

Finally, plaintiff states that Section 25 of the Workmen's Compensation Act [Ill. Rev. Stats. 1953, ch. 48, § 138.25] stopped the running of the Statute of Limitations during the period intervening between the occurrence and the time of final adjudication of the unconstitutionality of the first paragraph of Section 29. Section 25 has no application to the case at bar because by its explicit language it is limited to a repeal or adjudication of unconstitutionality of a provision of the Act providing for compensation. Plaintiff is suing in tort for damages and not for compensation under the Workmen's Compensation Act. See Govedarica v. Yellow Cab Co., 216 F.2d 499.

The case was correctly decided. Therefore the judgment of the Superior Court of Cook County is affirmed.

Judgment affirmed.

FRIEND, P. J. and NIEMEYER, J., concur.