**Donald Tjaden and Nancy Tjaden, Plaintiffs-Appellants, v. Betty J. Moses, Defendant-Appellee.**

Gen. No. 67–75.

Third District.

May 3, 1968.

Rehearing denied June 20, 1968.

Costigan and Wollrab, of Bloomington, and Harold H. Kuhfuss, of Pekin, for appellants.

Heyl, Royster, Voelker & Allen, of Peoria, for appellee.

STOUDER, J.

This was an action brought in the Circuit Court of Tazewell County for damages for personal injuries to plaintiff, Donald Tjaden and for loss of consortium sustained by plaintiff Nancy Tjaden. The complaint was in four counts. Count 1 was a negligence count for personal injuries, Count 2 was a negligence count for loss of consortium and Counts 3 and 4 were wilful and wanton counts for personal injuries and loss of consortium, respectively. At the conclusion of all the evidence the court directed a verdict for defendant, Betty Moses, on Counts 2, 3 and 4, and the jury found for defendant on Count 1.

Plaintiff, Donald Tjaden, was a farmer who hauled grain as an adjunct to the business of farming. On the date he received the injuries complained of, he was hauling grain and had parked his truck on the west shoulder of the southbound lane of Route 29 approximately 300 feet south of the intersection of Routes 98 and 29. Plaintiff left the parked truck, walked across the southbound lanes and fell in front of the car being driven north on Route 29 by defendant. The injuries received by plaintiff were severe and permanent. The evidence showed that defendant's car was traveling at a speed of from 35 to 40 miles per hour in the left or inside lane at the time plaintiff was hit. It appears that plaintiff slipped and fell, the impact between his body and the automobile of defendant occurring as plaintiff was in the act of falling.

Plaintiffs have appealed, alleging as error the directed verdicts on Counts 2, 3 and 4, the refusing of one instruction and the giving of another.

With respect to the counts based on wilful and wanton misconduct the plaintiff argues that the evidence supports such allegations. Plaintiff alleged the defendant drove her car at a high rate of speed without keeping a proper lookout when she knew of the plaintiff's presence on the highway, or should have known of his presence through the exercise of reasonable care. Further, that she drove her vehicle on the left side of the highway and did not turn to the right when she had an opportunity to do so, when she knew the plaintiff was present on the highway, or in the exercise of reasonable care should have discovered his presence. An alternative allegation of wilful and wanton was to the effect that the defendant drove her vehicle at a high rate of speed, in close proximity to the certain road signs or obstructions, when her vision was obscured as to the presence of the plaintiff, Donald Tjaden.

The rule with respect to direction of verdicts is that verdicts ought to be directed only in those cases in which all of the evidence, when viewed in its aspect most favorable to the opponent, so overwhelmingly favors movant that no contrary verdict based on that evidence could ever stand. The trial court's consideration of such a motion is not limited to a determination of whether there is any evidence supporting one side of the issue.

A wilful or wanton injury must have been intentional or the act must have been committed under circumstances exhibiting a reckless disregard for the safety of others, such as a failure, after knowledge of impending danger, to exercise ordinary care to prevent the injury or a failure to discover the danger through recklessness or carelessness when it could have been discovered by the exercise of ordinary care. Klatt v. Commonwealth Edison Co., 33 Ill2d 481, 211 NE2d 720, and Hering v. Hilton, 12 Ill2d 559, 147 NE2d 311. While wilful and wanton misconduct as distinguished from negligence may be a matter of degree there is, nevertheless, no doubt that a distinc-

tion exists and that courts are frequently called upon to delineate the boundaries thereof. Conduct is not wilful and wanton merely because one may allege or say it is. Such characterization depends upon the reasonable inferences which may be drawn from the evidence. Without restating the evidence or facts we believe the trial court properly concluded that the evidence viewed in its aspect most favorable to plaintiff, was insufficient to give rise to any reasonable inference that defendant's conduct was wilful or wanton.

 As to Count 2 we must agree that the decisions in Illinois appear to hold that a spouse may maintain an action for loss of consortium. Dini v. Naiditch, 20 Ill2d 406, 170 NE2d 881. However we find nothing which defines this loss. Webster defines consortium as marital association—usually used in connection with a spouses' injuries or alienation of affections. In the Dini case supra, the trial court on motion for summary judgment, dismissed the count of the complaint based on loss of consortium. The Supreme Court in reversing the order of the trial court affirmed the existence of the cause of action but did not specify the nature of the evidence sufficient to support such claim. We believe it can be said that a wife's right of action for loss of consortium against a third party as a result of injuries to her husband is a separate and distinct action although dependent upon the liability of such third party for the injuries to the husband being established. Damages recoverable by the injured husband are not damages which may be allowed or recovered in the wife's separate action. Further there is no presumption of injury to the rights of consortium of the wife arising from injury to the husband. The trial court's action in directing a verdict on the consortium count did not hold that an action based thereon did not exist but that the evidence was insufficient to support such claim.

Plaintiff wife testified that they no longer danced or bowled. In addition, it is asserted that the plaintiff husband was rendered impotent. The only basis for this latter assertion is found in the testimony of the orthopedic surgeon. He testified that the plaintiff husband complained to him that he could not sustain an erection. The surgeon referred the husband to an urologist and over objection the surgeon was permitted to testify to the urologist's statement made after the examination. Such statement was to the effect that the urologist could find no physical reason for the husband's complaints and that such complaint could be psychogenic in nature. This is the only evidence in the record concerning the husband's alleged impotency. Defendant has objected to the admissibility of the urologist's hearsay statement, but in our view of the case it is unnecessary to decide such question. Assuming that plaintiff husband made such complaint the record is devoid of any evidence concerning the duration, nature or effect if any upon the relationship of the parties. Under such circumstances we do not believe the evidence was sufficient to require the submission of the loss of consortium count to the jury.

This brings us to plaintiff's last contention that the trial court erred in the giving and refusing of instructions. The instruction tendered by plaintiff and refused by the court related to the statutory duty to sound an audible alarm ". . . when reasonably necessary to insure safe operation . . . ." We do not believe the court erred in refusing this instruction. Although a party is entitled to have the jury instructed on his theory of the case, Sims v. Chicago Transit Authority, 7 Ill App2d 21, 129 NE2d 23, there must be some evidence to support the theory claimed applicable. In the instant case we find no evidence from which it can be inferred that the statute was violated or that there was any causal relationship between defendant's failure to sound an audible alarm and the occurrence.

Defendant's instruction given over objection of plaintiff, and with respect to which error is claimed, is also a statutory violation instruction. The instruction in referring to a statutory duty provides, ". . . Every pedestrian crossing a roadway at any point other than within a marked crosswalk or within an unmarked crosswalk at an intersection shall yield the right-of-way to all vehicles upon the roadway.

"Notwithstanding the provisions of this section every driver of a vehicle shall exercise due care to avoid colliding with any pedestrian upon any roadway and shall give warning by sounding the horn when necessary and shall exercise proper precaution upon observing any child or any confused or incapacitated person upon a roadway . . . ." Plaintiff's objection to the instruction is that a warning by sounding the horn is applicable only when there is a child or confused or incapacitated person upon a roadway. We agree with the trial court that no such meaning is implied by the statutory language. The incident involved a pedestrian crossing a highway and an automobile traveling thereon and an instruction relating thereto was proper. The instruction not being susceptible of the meaning contended for by plaintiff the jury could not have been misled thereby and the court committed no error in giving such instruction.

For the foregoing reasons the judgment of the Circuit Court of Tazewell County is affirmed.

Judgment affirmed.

ALLOY, P. J. and SCHEINEMAN, J., concur.