VANDA KOLAR *et al.*, Plaintiffs-Appellants, *v.* THE CITY OF CHICAGO, Defendant-Appellee.

(No. 56271;

First District (4th Division)—June 13, 1973.

Albert Koretsky, of Chicago, for appellants.

Richard L. Curry, Corporation Counsel, of Chicago, (William R. Quinlan and Richard F. Friedman, Assistant Corporation Counsel, and Michael F. Cahill, Senior Law Student, of counsel,) for appellee.

Mr. PRESIDING JUSTICE BURMAN delivered the opinion of the court:

On November 19, 1966, Vanda Kolar and Peter Kolar, plaintiffs-appellants, filed suit against the defendant-appellee, City of Chicago, to recover damages resulting from injuries sustained by Vanda Kolar on January 9, 1962, when she slipped and fell on a public cross-walk owned by the city.

In Count I, plaintiff Vanda Kolar sued to recover damages for per-

sonal injuries sustained by her. In Count II, plaintiff, Peter Kolar, her husband, sought to recover damages for loss of consortium and medical expenses as a result of the injuries sustained by his wife.

The City filed a motion for summary judgment on April 22, 1971, on the grounds that the plaintiffs failed to give notice of the injury to the City as required by statute and also failed to meet certain statute of limitations requirements. On May 20, 1971, after a hearing, the trial court entered an order dismissing both counts of the complaint, and the plaintiffs appeal.

We first consider the appeal of plaintiff, Vanda Kolar. Section 14 of the Limitations Act (Ill. Rev. Stat. 1961, ch. 83, par. 15) provides:

> "Actions for damages for an injury to the person, or for false imprisonment, or malicious prosecution, or for a statutory penalty, or for abduction, or for seduction, or for criminal conversion, shall be commenced within two years next after the cause of action accrued."

To avoid the effect of this statute, plaintiff contends that at the time of her injury, there existed a statutory prohibition contained in sections 1—4—2 and 1—4—3 of chapter 24 of the Illinois Revised Statutes (Ill. Rev. Stat. 1961, ch. 24, pars. 1—4—2 and 1—4—3), which prevented her from filing her lawsuit until shortly before the date on which she filed, and that therefore the statute of limitations should not have been applied.

Sections 1—4—2 and 1—4—3 of chapter 24 of the Illinois Revised Statutes of 1961 provide that upon failure to serve notice of an injury to the City within six months after the occurrence, the suit shall be dismissed and the action barred. This statute was held constitutional in 1907 in the case of *Erford v. City of Peoria*, 229 Ill. 546, 82 N.E. 374. Under this case, the six months' notice requirement was a condition precedent to the cause of action.

On September 23, 1966, our Supreme Court in *Lorton v. Brown County School District*, 35 Ill.2d 362, 220 N.E.2d 161, reversed *Erford* and held the six months' notice requirement invalid.*

Plaintiff argues that she could not commence her action within the the two-year limitation period because she had failed to serve the City

---

* The rationale of *Lorton* was that the six month requirement violated the constitutional prohibition against special legislation since it applied to suits against some public entities but not others. As the court pointed out in that case, his situation was remedied in 1965 by the passage of the Local Governmental and Governmental Employees Tort Immunity Act, ch. 85, Ill. Rev. Stat. 1965, pars. 8—101, 8—102, and 8—103, which contained a six month notice requirement applicable to "any civil action * * * against a local public entity." (Par. 8—102).

with notice of her injury within six months. She maintains that the notice requirement, which was subsequently invalidated in *Lorton,* in effect tolled the statute of limitations until September 23, 1966, the date of the *Lorton* decision. Plaintiff further contends that she was therefore within the statutory period when she filed her complaint on November 19, 1966, within two months after *Lorton.* Plaintiff relies on section 23 of chapter 83 of the Illinois Revised Statutes (Ill. Rev. Stat. 1961, ch. 83, par. 24) which provides:

"When the commencement of an action is stayed by injunction, order of a judge or court, or *statutory prohibition,* the time of the continuance of the injunction or prohibition is not part of the time limited for the commencement of the action." (Emphasis added.)

■■ The record shows that no notice of the injury was ever served upon the City and the suit was actually filed more than four years and ten months after the occurrence. Plaintiff makes no claim that infancy, insanity or any other cause prevented her from filing the notice. We are not persuaded that plaintiff can rely on her own lack of diligence to toll the two-year statute of limitations.

A theory similar to plaintiffs' was rejected in *Peterson v. Montegna & Co.,* 11 Ill.App.2d 109, 136 N.E.2d 586. There, a complaint was filed in March, 1954, for injuries suffered in April, 1947, as a result of a collision of two automobiles. Defendant's motion to dismiss on the ground that the statute of limitations barred the action for not being brought within two years was sustained and plaintiff appealed. Plaintiff maintained on appeal that he had no right to commence suit until 1952 when in *Grasse v. Dealers Transport Co.,* 412 Ill. 179, 106 N.E.2d 124, the supreme court held the first paragraph of section 29 of the Workmen's Compensation Act (Ill. Rev. Stat. 1947, ch. 48, par. 166) unconstitutional. At the time of the occurrence both parties were under the Workmen's Compensation Act. The Appellate Court in *Peterson* held, as we do here, that the statutory prohibition did not toll the two-year statute of limitations.

In *Peterson,* the Court stated that "[a]n unconstitutional statute is null and void as of the date of its enactment. It is not a law. It confers no rights, imposes no duties and affords no protection. It is, in legal contemplation, as inoperative as though it had never been passed." (11 Ill.App. 2d at 110-111, 136 N.E.2d at 587.) In the instant case, plaintiff could have sued within two years as did the plaintiff in *Lorton* and asserted that sections 1—4—2 and 1—4—3 of the Municipal Code were unconstitutional. Because she did not, she cannot now contend that the statute was tolled. We think the suggestion that unlike the case at bar, the

statute in *Peterson* had not previously been held constitutional is a distinction without a difference.

We next consider whether the husband's action for consequential damages was also barred by the two-year statute of limitations. Plaintiff, Peter Kolar, argues that his action, although based upon injury to his wife, is actually one for damage to property, and is therefore governed by the five-year limitation period of section 15 of the Limitations Act (Ill. Rev. Stat. 1961, ch. 83, par. 16), rather than section 14 relating to personal injuries.

■■ There is no dispute that in Illinois both husband and wife may recover for loss of consortium in a separate and distinct cause of action. (*Dini v. Naiditch*, 20 Ill.2d 406, 170 N.E.2d 881.) We do not agree, however, that the two-year statute of limitation concerning "an injury to the person" is not applicable to such an action. Although the husband's action for loss of consortium against the City as a result of his wife's injuries is a separate and distinct cause of action, it is dependent upon the liability of the City for his wife's injuries being established. (*Tjaden v. Moses*, 94 Ill.App.2d 361, 365, 237 N.E.2d 562, 565.) The factual elements prerequisite to recovery by the wife are identical to those which must be proven by the husband. We must prove in order to sustain an action for loss of consortium, all of the elements of his wife's case, such as negligence on the part of the tortfeasor and his wife's freedom from contributory negligence.

We are of the opinion that if the wife's untimely claim for injuries is barred by the two-year statute, the husband is likewise without right to recover damages flowing therefrom.

The husband's position that his consequential damages on account of his wife's injury constitute a "property" right subject to the five-year statute of limitations finds support in a series of Illinois Appellate Court cases. In *Waller v. City of Chicago*, 11 Ill.App. 209, the five-year statute of limitations was applied in a parent's suit for loss of a child's services. (See also *Bassett v. Bassett*, 20 Ill.App. 543; *Roth v. Lunden*, 237 Ill.App. 456; and *Doerr v. Villate*, 74 Ill.App.2d 332, 220 N.E.2d 767.) In addition, see *Seymour v. Union News Co.*, (7th Cir.), 217 F.2d 168.

■■ The majority of other jurisdictions which have considered the question, however, have held that statutes limiting actions for "injury to the person" are broad enough to govern actions for consequential damages. See cases cited in 51 Am.Jur.2d, Limitation of Actions § 104 and 108 A.L.R. 525. We consider them to be well reasoned and they ought to be followed in Illinois. Moreover, there is language to the same effect in some Illinois cases. In *Handtoffski v. Chicago Traction Co.*, 274 Ill. 282, the plaintiff, after the two-year statutory period for personal injuries

had run, sued a streetcar company for breach of its implied promise to carry him safely. In holding that his action was defeated by the statute of limitations applicable to personal injury cases, our supreme court stated that the statutory period for personal injury cases must govern actions for damages "because of or on account of" an injury, regardless of the form of the action. (274 Ill. at 286; see also *Seymour v. Union News Co.*, 349 Ill.App. 197, 110 N.E.2d 475.) Since the husband's action is precipitated by and is wholly dependent upon the wife's personal injury action, the same policy considerations which require her case to be brought within two years equally require that his action be brought within the same period.

For the reasons stated, we believe the trial judge was correct in dismissing both counts of the complaint. The judgment of the Circuit Court will therefore be affirmed.

Affirmed.

ADESKO and DIERINGER, JJ., concur.

