PAMELA CROSBY, Plaintiff-Appellee, *v.* CHRISTINE ANN DISTLER, Defendant-Appellant.

Second District (1st Division) No. 74-388

Opinion filed June 7, 1976.

O'Brien, Burnell, Puckett & Barnett, of Aurora, for appellant.

Gates W. Clancy and James S. Mills, both of Geneva, for appellee.

Mr. PRESIDING JUSTICE GUILD delivered the opinion of the court:

The basic issue presented in this case is whether the trial court erred in setting aside the verdict of the jury and entering a judgment for the plaintiff, notwithstanding the verdict.

On March 26, 1972, Christine Distler and Pamela Howe (presently Pamela Crosby) drove into Chicago in Christine's car where they spent the afternoon and had dinner. After dinner they drove to the residence of Pamela's parents, located in Boulder Hill, south of Aurora. It had started to snow during the afternoon. About 11 o'clock that night the two women drove north on Route #31 from Pamela's parents' home enroute to the Hofbrauhaus in Aurora. As they approached the railroad underpass on Route #31, Christine slowed down for a stop-and-go light on Jericho Road. The light changed to green and she started to accelerate. At the time they reached the underpass she was going approximately 25 mph and not exceeding 30 mph. At this time there was approximately two inches of snow on the highway with ice underneath the snow at the scene of the accident at the underpass. The car skidded, struck an abutment and Pamela was injured. This lawsuit followed, filed by Pamela as a passenger in Christine's car.

The case was tried before a jury in April, 1974. The plaintiff and defendant both made motions for a directed verdict which were denied by the court. In response to the motion for a directed verdict by the defendant the court stated:

"The Court feels that there is a question for the jury and the Motion will be denied."

The jury then returned a verdict of not guilty as to the defendant. Plaintiff then filed a post-trial motion seeking a judgment notwithstanding the verdict, a new trial on the issue of damages only or a new trial on all issues. The court granted the motion, set aside the verdict of the jury and entered judgment for the plaintiff. The matter was resubmitted to a new jury on the issue of damages only, which jury returned a verdict of $18,500. Defendant has appealed.

At the trial the plaintiff testified that she didn't have any estimate of the speed at which the defendant was driving until the skid and that she did not recall whether the defendant slowed down when she came to the viaduct. She did testify that the defendant, Christine, had made all the turns and stops between Boulder Hill and the scene of the accident

without difficulty and that the car had not slid until the scene of the accident. Three days after the collision, however, a statement had been taken from the plaintiff and that portion of the statement, as follows, was admitted into evidence as defendant's exhibit.

"The reason we were traveling below the speed limit is because the streets were so slippery.

I never had to warn her about her driving habits.

Just prior to the accident, Chris had slowed down."

Both parties rely upon the oft-quoted case of *Pedrick v. Peoria & Eastern RR. Co.* (1967), 37 Ill. 2d 494, 510, 229 N.E.2d 504, 513-14, wherein the court stated:

"[V]erdicts ought to be directed and judgments *n.o.v.* entered only in those cases in which all of the evidence, when viewed in its aspect most favorable to the opponent, so overwhelmingly favors movant that no contrary verdict based on that evidence could ever stand."

The issue then presented to us is whether all the evidence, when viewed in its aspects most favorable to the defendant so overwhelmingly favors the plaintiff that the not guilty verdict for the defendant could not stand. (See also *Logan v. Allstate Life Insurance Co* (1974), 19 Ill. App. 3d 656, 312 N.E.2d 416.) We believe that when the facts in this case are examined under the *Pedrick* test, the not guilty verdict of the jury could, and should have been allowed to stand.

It is to be noted that most judgments notwithstanding the verdict are granted by the trial court upon motion of the defendant to set aside a verdict for the plaintiff. There is a paucity of cases involving verdicts for the defendant set aside by the trial court.

Plaintiff relies almost exclusively upon the case of *Calvetti v. Seipp* (1967), 37 Ill. 2d 596, 227 N.E.2d 758. We find *Calvetti* and the cases upon which it relies to be factually distinguishable from the instant case. *Calvetti*, and the cases cited therein, involve situations in which a plaintiff riding in one motor vehicle is struck by a defendant's vehicle which crossed the center line of a highway. As counsel for the defendant has pointed out, where the plaintiff is struck by a vehicle being driven in the opposite direction when that vehicle comes into his lane, there is no other alternative but to shift the burden of proof to the defendant to prove a negative, *i.e.*, that he was not negligent. The reason for this rule requiring the defendant to establish that he was not negligent is based upon the fact that when a collision occurs in such a limited circumstance, the plaintiff has, generally, no knowledge of the defendant's conduct immediately preceding the collision. It is obvious that this rule has no application in the instant case where the vehicle in which plaintiff was riding collided into an abutment. Here plaintiff does not have the disadvantage which the

plaintiff in *Calvetti* had, and therefore, there is no reason to place the burden of proof upon the defendant. In this case the burden of proving the complaint remained with the plaintiff, and *Calvetti* is inapplicable.

We then reach the question as to whether or not the trial court should have substituted its judgment for that of the jury in determining whether or not the defendant was guilty of negligence. When all the evidence is examined in its aspects most favorable to defendant, we find, at most, a disputed factual question as to whether defendant was negligent. Certainly the mere fact that defendant's vehicle slid on ice is not in itself evidence of negligence. (See, *e.g., Brown v. Boyles* (1960), 27 Ill. App. 2d 114, 169 N.E.2d 273.) In this regard the statement of the court in *Ferdinand v. Lindgren* (1961), 32 Ill. App. 2d 133, 140, 177 N.E.2d 10, 14, is instructive:

> "[T]hat the mere fact that an automobile has skidded is not indicative of actionable negligence; that proof that the driver of the car, at the time the car skidded, was proceeding at a reasonable speed, and that he had reasonable control of the car under all the circumstances, may, with other facts appearing in evidence, convince a jury that the collision occurred without fault on the part of the defendant."

Plaintiff's trial testimony that she had warned defendant about her driving and that she did not have any estimate of the speed was impeached by her prior statement which was introduced at trial. It appears that prior to the collison defendant had negotiated various stops and turns but had encountered no problems and received no complaints. No evidence was adduced at trial indicating that defendant was not attentive or in any way improperly operated her vehicle. In this case, the evidence in no way overwhelmingly favors the plaintiff and, therefore, entry of the judgment notwithstanding the verdict was error.

■■ The judgment of the trial court granting plaintiff a judgment notwithstanding the verdict is, therefore, reversed.

In addition to granting the plaintiff's motion for a judgment notwithstanding the verdict, the trial court also ruled that plaintiff's motion for a new trial be granted in the event that judgment for plaintiff notwithstanding the verdict be reversed on appeal, which we have done. Under Supreme Court Rule 366(b)(2)(iv) (Ill. Rev. Stat. 1973, ch. 110A, par. 366(b)(2)(iv)) this court may review and determine any conditional rulings made by the trial court on other questions raised by the post-trial motion. In its order the trial court failed to specify its reasons for conditionally granting the plaintiff's motion for a new trial. It is to be noted that neither party has briefed the issue of the propriety of the trial court's conditional granting of a new trial.

■■ In her brief plaintiff argues that since defendant has not argued

this issue, the propriety of the conditional order should be viewed as having been conceded by defendant. We agree. Supreme Court Rule 341(e)(7) (Ill. Rev. Stat. 1973, ch. 110A, par. 341(e)(7)) provides, with reference to the appellant's brief, "Points not argued are waived and shall not be raised in the reply brief, in oral argument, or on petition for rehearing." By failing to argue the issue of the propriety of the trial court's conditional granting of a new trial, we find that the defendant has waived this issue for review. Accordingly, the trial court's conditional granting of a new trial is affirmed.

The judgment of the trial court granting plaintiff a judgment notwithstanding the verdict and the judgment entered on the jury verdict in the trial of this cause on the issue of damages are, therefore, reversed. The judgment of the trial court conditionally granting plaintiff a new trial is affirmed and the cause is remanded for a new trial.

Reversed and remanded for new trial.

SEIDENFELD and HALLETT, JJ., concur.