JOHN L. PORRO, Plaintiff-Appellant, *v.* P. T. FERRO CONSTRUCTION CO., Defendant-Appellee.

Third District  No. 78-128

Opinion filed June 5, 1979.

378

Thomas E. Cowgill, of Cirricione, Block & Krockey, P. C., of Joliet, for appellant.

Roger K. O'Reilly and Edward R. Duncan, Jr., both of O'Reilly and Cunningham, of Wheaton, for appellee.

Mr. PRESIDING JUSTICE SCOTT delivered the opinion of the court:

On March 14, 1972, plaintiff John L. Porro was travelling west on Old New Lenox Road when the car he was driving skidded on a patch of ice and went out of control. Plaintiff's auto, spinning out of control, slid across the center line and into the path of a truck owned by defendant, P. T. Ferro Construction Co., and operated by defendant's servant, James A. Aimaro. The ensuing collision of the two vehicles resulted in injuries to plaintiff, including a coma and a skull fracture.

On May 18, 1973, plaintiff filed a two-count complaint against P. T. Ferro Construction Co. and James A. Aimaro. Count I alleged ordinary negligence and count II alleged wilful and wanton conduct. At the close of plaintiff's case he nonsuited defendant Aimaro, and the remaining defendant, P. T. Ferro, moved for directed verdict. The circuit court of Will County denied the motion as to count I and granted it as to count II. Later the jury returned a verdict for the defendant as to count I, and by way of special interrogatory found the plaintiff guilty of contributory negligence.

■■ On appeal plaintiff submits that several errors occurred in the trial of this cause. We shall discuss each *seriatim*. Initially plaintiff alleges that there was sufficient evidence presented at trial to permit count II, the wilful and wanton count, to go to the jury. Counsel for both parties agree that the standard to be applied when the trial court is asked to direct a verdict is as set forth in *Pedrick v. Peoria & Eastern R.R. Co.* (1967), 37 Ill. 2d 494, 229 N.E.2d 504. That is, looking at the proof in the light most favorable to the plaintiff, was there sufficient proof to make out a case of wilful and wanton conduct. We believe there was not.

■■■ There is evidence that defendant's servant was driving too rapidly for the existing road conditions under the existing circumstances. Speed is a circumstance which may be taken into consideration bearing upon the presence of wilful and wanton conduct. (*Smith v. Polukey* (1959), 22 Ill. App. 2d 238, 160 N.E.2d 508.) And, in a given case, speed itself might establish wilful and wanton conduct taking into consideration the degree of speed with reference to other surrounding facts and circumstances. (*Smith v. Polukey.*) Likewise, evidence of excessive speed also bears on the presence of negligent conduct. (*Crosby v. Distler* (1976), 38 Ill. App. 3d 1058, 349 N.E.2d 448; *Penzin v. Stratton* (1974), 26 Ill. App. 3d 475, 325 N.E.2d 732.) Thus, when speed is at issue, that which distinguishes wilful and wanton conduct from negligent conduct is the degree of speed. Where the speed is grossly fast for conditions, the conduct is wilful and wanton. Short of that, excessive speed constitutes negligent conduct. Indeed, plaintiff concedes that the presence or absence of wilful and wanton conduct often "boils down" to the degree of flagrancy of the offending conduct. *Myers v. Krajefska* (1956), 8 Ill. 2d 322, 134 N.E.2d 277; *Smith v. Polukey.*

■ The evidence, when viewed in the light most favorable to the plaintiff, demonstrates that the P. T. Ferro truck was moving at a speed marginally in excess of 20 miles per hour. Also, it is undisputed that Old New Lenox Road was icy in spots on the day in question. We believe the trial court correctly determined that even this most favorable view of the evidence is insufficient as a matter of law to establish wilful and wanton conduct. The cases cited by plaintiff in his brief are clearly distinguished in degree. In *Smith v. Polukey* the defendant drove a vehicle down a residential street past numerous intersections at speeds of 60 to 65 miles per hour. The posted speed was but 40. In *Ashby v. Irish* (1954), 2 Ill. App. 2d 9, 118 N.E.2d 43, the defendant was travelling at speeds of 75 to 80 miles per hour on a road that was icy and wet. A reasonable man could only reach the conclusion that the conduct in *Smith* and *Ashley* is far more flagrant than the conduct in the case at bar.

We believe the facts most favorable to the plaintiff are similar to the circumstances present in other decisions of the appellate court where it was held that there was insufficient evidence to give rise to a reasonable inference of wilful and wanton conduct. This court held, in *Tjaden v. Moses* (1968), 94 Ill. App. 2d 361, 237 N.E.2d 562, that where a pedestrian slipped into the path of an approaching vehicle travelling 35 to 40 miles per hour, it was not improper to direct a verdict for the defendant on the issue of wilful and wanton conduct. In *Murphy v. Vodden* (1969), 109 Ill. App. 2d 141, 248 N.E.2d 327, the plaintiff's auto went out of control on a glaze of ice and slid into the path of the defendant's auto which was

travelling 30 miles per hour. The reviewing court agreed with the trial court that, as a matter of law, there was no evidence of wilful and wanton conduct on the part of defendant Vodden. We reiterate, that "[w]hile wilful and wanton misconduct as distinguished from negligence may be a matter of degree there is, nevertheless, no doubt that a distinction exists and that courts are frequently called upon to delineate the boundaries thereof." (*Tjaden v. Moses* (1968), 94 Ill. App. 2d 361, 364-65, 237 N.E.2d 562, 564.) The conduct in the instant case is not within those boundaries.

Plaintiff alleges in his brief that defendant's failure to discover or respond to the impending danger was another example of wilful and wanton conduct. The record does not support this allegation. The testimony of defendant's servant, James A. Aimaro, is uncontroverted that as soon as plaintiff's vehicle began to slide, he responded by slowing the speed of the P. T. Ferro truck. It is true that the evidence is disputed as to the proximity of the two vehicles at the time plaintiff lost control. Our review of the record makes it clear, however, that when plaintiff lost control, regardless of whether the two vehicles were 100 feet apart or further, the response on the part of the truck driver was immediate. Where the appellate court is asked to review a decision for directed verdict, such review should not undertake to reconcile any conflict in the evidence. (*Cardona v. Toczydlowski* (1962), 35 Ill. App. 2d 11, 180 N.E.2d 709; *McKendree v. Christy* (1961), 29 Ill. App. 2d 195, 172 N.E.2d 380; *Madigan v. Browning Ferris Industries* (1978), 61 Ill. App. 3d 842, 378 N.E.2d 568.) It is equally beyond the scope of our review to create such a conflict where none exists in the record. For that reason we decline to create such a conflict here.

As a second ground for error, plaintiff alleges that admission of an out-of-court statement by Henry Gebhart, a witness to the collision, was improper. True, as a general rule, evidence of a witness's inconsistent extrajudicial statement is not admitted into evidence to establish the truth of the matters asserted therein. (*Crespo v. John Hancock Mutual Life Insurance Co.* (1976), 41 Ill. App. 3d 506, 354 N.E.2d 381.) However, where as here, the party offering the out-of-court statement has called the witness, he may focus the attention of the witness on such former statements to refresh the memory or awaken the conscience of the witness. (*People v. Wesley* (1959), 18 Ill. 2d 138, 163 N.E.2d 500, *cert. denied* (1960), 364 U.S. 845, 5 L. Ed. 2d 69, 81 S. Ct. 87; see also *People v. Michaels* (1929), 335 Ill. 590, 167 N.E. 857; *People v. O'Gara* (1915), 271 Ill. 138, 110 N.E. 828.) Under the facts of the instant case, the record demonstrates that counsel reminded the witness of the out-of-court statement after prior testimony to the contrary. In this setting it was not improper to awaken the conscience of the witness. Although admissibility

under the rule of *People v. Wesley* is only for limited purposes, this offers no comfort to plaintiff. Where evidence is admitted because it is competent for one purpose, the opponent of such evidence may ask for an instruction confining it to its legitimate sphere; but if he fails to so act, as in the case *sub judice*, he is deemed to have waived the objection he may have. (*Eizerman v. Behn* (1956), 9 Ill. App. 2d 263, 132 N.E.2d 788.) We dispute plaintiff's allegation of error and hold that the trial court acted within the confines of *People v. Wesley*.

■█■ Plaintiff also contends that the trial court erred in refusing to admit an aerial photograph into evidence. The trial court did admit photographs and testimony relating to plaintiff's exhibits Nos. 2, 3, 4, 5 and 6, which were photographs depicting the vehicles and the scene of the collision. Also, the trial court admitted plaintiff's exhibits Nos. 8, 9, 10, 11 and 12, which portrayed the scene of the collision and nearby intersections. When there is ample documentary evidence in the record, plus the testimony of various witnesses, to give the jury a proper perspective of where and how the accident took place, the trial judge is in the best position to determine the necessity of aerial photographs as demonstrative evidence. (*Veselich v. Lichtsinn* (1956), 11 Ill. App. 2d 372, 135 N.E.2d 823.) Here, we find that the jury had enough evidence to obtain a proper perspective, and hold that there was no abuse of discretion and no consequent reversible error.

■█ Finally, plaintiff objects that he received no notice of the deposition of Richard Bisping. Bisping was a passenger in the car driven by the plaintiff and he too incurred injuries in the subject collision. Bisping, in a separate action, brought suit against P. T. Ferro Construction Company, James A. Aimaro, and John L. Porro, to recover for those injuries. In that separate action notice of the deposition at issue was given pursuant to Supreme Court Rule 206 to the parties of record, including the plaintiff in the case at bar. Plaintiff was represented by counsel, but not the same counsel who appeared on his behalf in the trial of this cause. We have in the past approved as a sanction for violations of the Supreme Court Rules the suppression of certain pretrial statements. (*Bruske v. Arnold* (1968), 100 Ill. App. 2d 428, 241 N.E.2d 191, *aff'd* (1969), 44 Ill. 2d 132, 254 N.E.2d 453, *cert. denied* (1970), 398 U.S. 905, 26 L. Ed. 2d 65, 90 S. Ct. 1697.) Where, as here, there has been compliance with the Rule, the sanction would be inappropriate. It was not incumbent on the defendant to give notice except as required by the Rule. Additionally, to impose the sanction here would be particularly inappropriate where plaintiff received notice of the deposition, albeit by another of his counsel. It was not error to refuse to suppress for purposes of impeachment the deposition of the witness Bisping.

Plaintiff's motion to supplement the record with a proposed

additional report of proceedings is herewith granted. After reviewing that additional report, the briefs of counsel and a lengthy record, and because of the views expressed here, we affirm the decision of the Will County Circuit Court.

Affirmed.

BARRY and STENGEL, JJ., concur.