Etta Tygett, Plaintiff-Appellee, v. Hollie T. Penry, Defendant-Appellant.

Term No. 51–M–12.

Opinion filed September 20, 1951. Released for publication October 31, 1951.

BAKER, LESEMANN, KAGY & WAGNER, of East St. Louis, for appellant.

OEHMKE & DUNHAM, and HOWARD F. BOMAN, all of East St. Louis, for appellee.

MR. PRESIDING JUSTICE CULBERTSON delivered the opinion of the court.

This is an appeal from a judgment of the circuit court of St. Clair county in favor of Etta Tygett,

appellee (hereinafter called plaintiff), and as against Hollie T. Penry, appellant (hereinafter called defendant). The action was predicated on a wilful and wanton count. The defendant was a nephew of the plaintiff. At the time of the accident he was driving along Illinois State Highway number 3, near Waterloo, Illinois. The car which defendant was driving had been driven at a reasonable rate of speed and was being driven in a northerly direction behind another automobile at the time when the two motor vehicles approached a culvert. The road was straight at the scene of the accident, although there was an incline south of the culvert and running in a northerly direction. The road near the culvert was eighteen feet in width and had a rough washed-out ditch on one side and a narrow shoulder on the westerly side. The defendant sounded his horn as he approached the car in front of him, and after he had sounded his horn a couple of times he started to pass the car ahead of him which was traveling at a slow rate of speed. No traffic was approaching the two automobiles from the north and the defendant continued in a northerly direction at between 35 and 40 miles per hour in the left or south-bound lane of traffic. When the front end of the car driven by the defendant drove up to and was approximately even with the rear of the car traveling in front of him, the first car swerved sharply to the left or the west at about a 45-degree angle and got partially across the center line. Defendant applied his brakes and started to stop but the cars collided before he could stop and he then lost control of his car. There was evidence that defendant tried to hold his car straight in the road to keep from being forced into a deep ditch on the left side of the slab, and that as the other car pulled free from defendant's automobile, his automobile pulled out to the right, out of control and went over a steep embankment to the east and came to a stop on the east side

of the culvert. The car which swerved into defendant's car did not stop after the collision, but continued on, and the owner and driver of that automobile remained unidentified. The injuries suffered by the plaintiff resulted from the collision referred to.

A niece of the plaintiff, while in the hospital visiting the defendant, testified that she had a conversation with him and among other things, that such niece made a statement to him to the effect that, ''rather than let someone force me off the highway, if it had been my husband driving he would probably have cut back into it,'' and she stated that the defendant stated that ''that is what he did, cut back into it.'' This statement was denied by defendant.

■■■ Under the law of this State, where someone travels as a guest in an automobile the right to recover must be predicated upon wilful and wanton misconduct on part of a defendant (1949 Ill. Rev. Stat., ch. 95½, par. 58a [Jones Ill. Stats. Ann. 85.064 (1)]; *Clarke v. Storchak*, 384 Ill. 564; *Bartolucci v. Falleti*, 382 Ill. 168), and this burden to establish that the conduct was in fact wilful and wanton is one which must be discharged by the greater weight or preponderance of the evidence and cannot be made to rest upon speculation or conjecture or circumstances from which evidence of freedom from such wilful and wanton misconduct might be equally compatible with that of guilt of such conduct (*Pure Torpedo Corp. v. Nation*, 327 Ill. App. 28, 39–41). The evidence as presented in the record demonstrates rather clearly that the rate of speed at which defendant was operating the automobile did not establish wilfulness or wantonness (*Clarke v. Storchak, supra*), nor was there a failure to give warning of the approach and intention to pass under the Statute (1949 Ill. Rev. Stat., ch. 95½, par. 153).

■■■ The question of whether or not defendant's conduct in meeting and solving the emergency caused

by the fact that the other automobile turned out suddenly, must be judged by the standard of what a prudent person would have done under similar circumstances (*Roady v. Rhodes*, 326 Ill. App. 49). The fact that defendant might have taken some other course would not necessarily indicate that the actions taken by defendant constituted wilful and wanton misconduct. If defendant made errors in judgment in an emergency which were accompanied by no evil intent or purpose, or any consciousness of probable injury, it would not establish wilfulness or wantonness.

The only evidence in the record upon which it is logically asserted that any wilfulness or wantonness is involved results simply from the conversation with the niece, quoted in the course of this opinion. There is nothing in such evidence, in view of the positive evidence of what had actually occurred, which in our judgment would be sufficient to justify the verdict.

Under the record before us it is obvious that the verdict of the jury was contrary to the manifest weight of the evidence and that this cause must be remanded for a new trial. The judgment of the circuit court of St. Clair county will, therefore, be reversed and this cause is remanded to said court for a new trial.

*Reversed and remanded.*

BARDENS, J. and SCHEINEMAN, J., concur.