**Geraldine Biedron, Plaintiff-Appellee, v. Lawrence Edward Quincannon, Defendant-Appellant.**

**Gen. No. 53,444.**

First District.

June 12, 1970.

Greenberg, Ziv & McCarthy, of Skokie (Sherwin Greenberg, of counsel), for appellant.

Gomberg, Missner & Schaps, of Chicago (Joel P. Schaps, of counsel), for appellee.

ALLOY, J.

The trial court in the instant case directed a verdict for plaintiff, Geraldine Biedron, finding defendant, Lawrence Edward Quincannon, guilty of wilful and wanton misconduct. The jury in the cause, consequently, determined only the question of damages.

The facts are undisputed. Defendant Lawrence Edward Quincannon met plaintiff Geraldine Biedron in a tavern on the evening of January 3, 1963. Following the consumption of a few bottles of beer, the couple went to a restaurant where they ate and defendant drank four cups of coffee. They then proceeded east along North Avenue with defendant driving his automobile.

Defendant slowed down to approximately 15 miles per hour at the intersection of Elston Avenue for the purpose of making a left turn onto Elston. At the time defendant was turning to the left he was going about 10 miles per hour. Just after completing the turn around the corner and crossing the center of North Avenue, defendant "stepped on the gas" to accelerate. Defendant testified that the front of his car passed the north curb of Elston Avenue before he accelerated. As defendant stepped on the gas, the gas pedal stuck. This caused the engine to race. Defendant reached down to dislodge the accelerator, placing his head below the level of the front window of the car. During this period of time defendant kept his left hand on the steering wheel as he reached down to dislodge the gas pedal. While defendant was pulling up on the gas pedal and with his head still below the window level, the automobile he was driving collided with a parked automobile on the east side of Elston Avenue. At the time defendant collided with a parked car, defendant testified that he was traveling about 25 miles per hour. Plaintiff who was sitting in the front seat beside defendant, was thrown forward against the dashboard and sustained injuries.

Defendant testified that the gas pedal in his automobile had stuck about three or four months previously and that he fixed it himself, since he was a mechanic. He had previously fixed it by working under the hood of the car and making adjustments on the air cleaner. Plaintiff's testimony was substantially the same as defendant, with the exception of her estimate of the speed at which defendant was driving down Elston Avenue. Plaintiff also stated that she told defendant to slow down. At the close of all the evidence, plaintiff moved for a directed verdict on the question of liability. The trial judge granted such motion, and, in effect, found that defendant was guilty of wilful and wanton misconduct as

a matter of law. Following such direction of verdict the jury, considering the question of damages only, fixed damages for plaintiff at $2,500.

The issue in this Court, therefore, is whether the trial court was correct in directing a verdict for the plaintiff on the question of liability and in thus finding defendant guilty of wilful and wanton misconduct as a matter of law on the basis of the record.

██ The Courts of this State have had many occasions to consider the question of wilful and wanton misconduct but, so far as we have been able to discover, there has never been a reported case in courts of review in this State where the trial judge has found, as a matter of law, that a defendant was guilty of wilful and wanton misconduct. As stated in Schneiderman v. Interstate Transit Lines, Inc., 394 Ill 569, 69 NE2d 293, at 583:

> "A wilful or wanton injury must have been intentional or the act must have been committed under circumstances exhibiting a reckless disregard for the safety of others, such as a failure, after knowledge of impending danger, to exercise ordinary care to prevent it or a failure to discover the danger through recklessness or carelessness when it could have been discovered by the exercise of ordinary care. (Brown v. Illinois Terminal Co., 319 Ill 326; Heidenreich v. Bremner, 260 Ill 439; Illinois Central Railroad Co. v. Leiner, 202 Ill 624.) The question whether a personal injury has been inflicted by wilful or wanton conduct is a question of fact to be determined by the jury. Bernier v. Illinois Central Railroad Co., 296 Ill 464."

This definition of wilful and wanton misconduct has been approved in many cases (Rowe v. Frazer, 83 Ill App 2d 367, 375, 227 NE2d 781).

██ On the basis of the record before us, the actions of defendant which could result in the finding of

wilful and wanton misconduct on his part consisted, first, of driving an automobile which had a faulty gas pedal which stuck three or four months before. Defendant testified that he was a part-time mechanic and that he fixed the pedal by making an adjustment under the hood. There was no showing of any malfunction of the gas pedal from the time defendant fixed it until the date of the accident on January 3, 1963. On the basis of the record, this particular circumstance could not amount, unquestionably, to wilful and wanton misconduct. Secondly, upon the day of the accident in question when defendant reached down to dislodge the pedal when it stuck, he lowered his head below the level of the window but kept his left hand on the steering wheel. The circumstance that defendant could have taken some other course of action does not mean that what he actually did was necessarily wilful and wanton. As stated in Tygett v. Penry, 344 Ill App 427, 430, 101 NE2d 442:

> "The question of whether or not defendant's conduct in meeting and solving the emergency caused by the fact that the other automobile turned out suddenly, must be judged by the standard of what a prudent person would have done under similar circumstances (Roady v. Rhodes, 326 Ill App 49). The fact that defendant might have taken some other course would not necessarily indicate that actions taken by defendant constituted wilful and wanton misconduct. If defendant made errors in judgment in an emergency which were accompanied by no evil intent or purpose, or any consciousness of probable injury, it would not establish wilfulness or wantonness."

Many Illinois cases have determined that the question of whether or not conduct is wilful and wanton is usually a jury question (Kamholtz v. Stepp, 31 Ill App 2d 357, 176 NE2d 388; Zank v. Chicago R. I. & P. R. Co., 17 Ill2d 473, 161 NE2d 848). In determining this issue,

we must always clearly understand that when a verdict is directed, a trial court should view the evidence in the light most favorable to the nonmoving party, which in this case would be the defendant (Stephens v. Weigel, 336 Ill App 36, 82 NE2d 697; Hatfield v. Noble, 41 Ill App2d 112, 190 NE2d 391).

One Illinois case has been reported which is quite similar to the instant case on the facts. In the case of Busch v. Oliphant, 332 Ill App 426, 75 NE2d 387, the defendant knew of the defective condition of an accelerator two or three weeks before the accident and had been told by his father to have it repaired. Plaintiff knew nothing about that defective condition. In that case, the accelerator stuck and the car began to speed. There were automobiles parked along the side of the street and instead of trying to reduce the speed or stop the car, defendant put his head below the windshield where he could not see ahead. Even under such circumstances, the court in that case stated that the question of whether or not defendant was guilty of wilful and wanton misconduct should have been submitted to the jury.

On the basis of the facts in the record in the instant case, it is apparent that the issue of whether or not defendant was guilty of wilful and wanton misconduct should have been submitted to the jury and it was not proper for the court to direct a verdict of guilty on the issue of wilful and wanton misconduct on the record. The judgment of the Circuit Court of Cook County will, therefore, be reversed and this cause will be remanded to such court for a new trial.

Reversed and remanded.

RYAN, P. J. and STOUDER, J., concur.