## WILLIAM R. HOLDER
### v.
## CITY OF GALENA.

1. ORDINANCES OF CITY—MERCHANT'S LICENSE.—A city organized under the provisions of the general incorporation law has no power to require merchan s to take out a license or to enact an ordinance containing such a requirement.

2. ACTION TO RECOVER MONEY PAID.—An action on the case by appellant to recover back money paid to a city for a merchant's license, where it was alleged that the city officials fraudulently represented that an ordinance was in existence requiring such license, etc. *Held*, that there can be no recovery, as the money was paid without compulsion or duress and not under protest, and appellant was required at his peril to know that there was and could be no such ordinance or license.

APPEAL from the Circuit Court of Jo Daviess county; the Hon. WILLIAM BROWN, Judge, presiding. Opinion filed April 5, 1886.

Messrs. BEDFORD & WAGDIN, for appellant.

Messrs. HODSON & SPENSLEY, for appellee.

BAKER J. This was an action on the case to recover back moneys paid by William R. Holder to the city of Galena for a merchant's license.

The substance of the first count of the declaration is that the city of Galena was organized under the general incorporation act, and appellant a merchant within its corporate limits,

and that in 1882 the city, by its officers and agents, falsely, fraudulently and deceitfully pretended, held out and represented to him that a certain ordinance of the city existed in full force and effect, whereby it was provided that all persons engaged in the business of vending merchandise within the corporate limits should obtain a license so to do from the city, and that for a failure to procure such license such merchant should be fined not exceeding $20, and whereby the person so offending would be subject to arrest and imprisonment or the seizure and loss of his property and estate. That by reason of the premises and the false and fraudulent representations thus made appellant, relying on the faith of these representations and not knowing them to be false and fraudulent, and for the purpose of obtaining the supposed license, and escaping the supposed fine and penalties provided by the supposed ordinance, and in consideration thereof, paid the city divers large sums of money, amounting in all to $200. Whereas in truth and in fact there was no such ordinance.

The other counts of the declaration state in substance that the city had in its possession a certain void and fraudulent device purporting to be a license, and which it, by its officers and agents, represented it was necessary appellant should procure in order to be permitted to transact his business of merchant within the city, and that he relied on these representations and believed them to be true; and that the city, by and through its officers and agents, did utter, pass, put off and deliver to appellant the supposed license as good, valid, sufficient and necessary, and obtain from him therefor large sums of money, to wit, $200, and whereby said money was entirely lost to him. Some of these counts contain the additional averment that the pretenses and representations were false and fraudulent, and that no such license was necessary, and that there was no such ordinance in existence as was represented in the license.

A demurrer to the declaration and each count thereof was sustained by the court, and appellant electing to stand by his pleading, final judgment was rendered against him.

The city of Galena is organized under the provisions of the

general incorporation law, and consequently it has no power to require merchants to take out a license or to enact an ordinance containing such a requirement. City of Cairo v. Bross, 101 Ill. 475.

It is a settled principle of the law that where a person, in the absence of fraud or mistake, pays money voluntarily and without compulsion or duress of person or goods, and not under protest, he can not afterward recover it back. It is not claimed in the case at bar that the license money was paid under protest, or that there was any legal duress. The ground taken by appellant is that the action is *ex delicto* to recover damages for a . tort; that the money was obtained through fraud; that the false pretense that there was an ordinance of the city requiring appellant to take out a license as a merchant was with reference to a question of fact, or a mixed question of law and fact, and that the rules apply that govern the case of a fraudulent misrepresentation of facts.

If it be admitted that ordinarily the existence or non-existence of a city ordinance is a question of fact, and that ignorance of the existence of such ordinance will be held to be ignorance of fact, yet it seems to us that, as applied to this case, there lies back of this another matter that should be taken into consideration. The courts do not take jurisdiction of an ordinance, but it must be proven and introduced in evidence. The question of the enactment of an ordinance, or of its publication as required by the organic law of the municipality, or of its identification, are all clearly questions of fact. But here no such questions are involved; the averment in the declaration is that appellee is organized under the general incorporation law; and so appellant was bound to know, as matter of law, that the city of Galena could not pass such an ordinance as is mentioned in the declaration or issue a merchant's license. Ignorance of the law excuses no one; or, to speak more accurately, every one is conclusively presumed to know the law. Appellant was required, at his peril, to know there was and could be no such ordinance or license. Knowing this, he had no legal right to rely on the statements of the officers and agents of the city, and as there is no averment he paid the

license money under either duress or protest, he must be considered as having paid it voluntarily, and can not recover it back. If he did not wish to pay, he should have contested the claim of the city and made his defense in the courts. As he must be presumed to have known there was no such ordinance, and could be no such license, there necessarily could be no deceit or fraud practiced upon him.

The County of La Salle v. Simmons, 5 Gil. 513, and Harvey et al. v. Town of Olney, 42 Ill. 336, are not analogous cases. In the first mentioned case the payment was compulsory, and in the other it was made under protest.

The demurrer to the declaration was properly sustained, and the judgment of the court is affirmed.

Affirmed.