(No. 21550.—

THE PEOPLE *ex rel.* John A. Swanson, State's Attorney, Petitioner, *vs.* CHARLES A. WILLIAMS, Judge, *et al.* Respondents.

*Opinion filed April 22, 1933.*

OSCAR E. CARLSTROM, Attorney General, J. J. NEIGER, MERRILL F. WEHMHOFF, and JOHN P. MADDEN, (EDWARD E. WILSON, and GRENVILLE BEARDSLEY, of counsel,) for petitioner.

BENJAMIN C. BACHRACH, for respondents.

Mr. JUSTICE JONES delivered the opinion of the court:

An original petition for *mandamus* was filed in this court by the People of the State of Illinois, on the relation of John A. Swanson, then State's attorney of Cook county, against Charles A. Williams, judge of the superior court and *ex-officio* judge of the criminal court of Cook county, and also against the criminal court of Cook county. The object of the petition is to compel the judge, or in the alternative the criminal court of Cook county, to expunge, set aside and strike from the record of said court certain orders purporting to vacate the judgment of conviction and sentences imposed upon Carl Wilson and Stanley Parker (herein called defendants) and to vacate subsequent judgments and an order releasing the defendants upon probation.

The defendants were jointly indicted at the May term, 1931, of the criminal court of Cook county. The indictment contained two counts. One charged robbery, and the other, robbery with a pistol. Both counts alleged a larceny of $95. The chronology of subsequent events is important. June 5, 1931, defendants appeared in open court in person and by counsel, and, after having been duly arraigned, entered pleas of not guilty before Judge John P. McGoorty. August 19, 1931, defendants appeared in person and by counsel before Judge Charles A. Williams, of the criminal court, and having obtained leave therefor, withdrew their pleas of not guilty and entered pleas of guilty. After admonition by the court defendants persisted in their pleas

and the same were accepted. Evidence was heard, and the court found defendant Wilson to be nineteen years of age and defendant Parker twenty-five years of age. Judgment was entered upon the pleas. The court sentenced each defendant to the penitentiary at Joliet for a period of one year to life. August 25, 1931, *mittimuses* were issued and delivered to the sheriff of Cook county. September 3, 1931, at 8:15 A. M., counsel for defendants appeared before Judge Williams and made a motion to vacate the sentences. Motion entered and hearing thereon continued to September 8. September 3, 1931, at 8:45 A. M., defendants were removed from county jail by the sheriff enroute to the penitentiary. September 3, 1931, at 9:55 P. M., defendants were delivered by the sheriff to the warden of the penitentiary at Joliet. September 3, 1931, at 12:00 o'clock noon, counsel for defendants appeared before Judge McGoorty, chief justice of the criminal court, and moved the court to enter an order directing the sheriff of Cook county to proceed to the penitentiary and have returned to the criminal court said defendants for further disposition, and to direct the warden of the penitentiary to turn over the defendants to the proper officers of Cook county and to return the *mittimuses*. Order entered pursuant to said motion. September 3, 1931, at 2:00 P. M., the sheriff of Cook county delivered a certified copy of said order to the warden of the penitentiary, and defendants were thereupon turned over to the sheriff, who returned them to the county jail of Cook county. October 5, 1931, a hearing was had on the motion of September 3 to vacate judgment of conviction. Motion allowed by Judge Williams. Judgment and sentences set aside. The court found Wilson guilty of larceny of the sum of $95 and sentenced him to the State reformatory from one to ten years. The court found Parker guilty of robbery and sentenced him to the penitentiary for a term of one year to life. Prior to entering sentence against each defendant the court overruled motions for release on proba-

tion. December 23, 1931, a motion was made on behalf of each defendant to set aside the sentences of October 5 and for the release of defendants on probation. Motion allowed and order signed releasing defendants on probation.

In this State it is definitely settled that when a person accused of crime has been convicted, sentenced and delivered to the warden of a penitentiary or the superintendent of a reformatory under a *mittimus*, the court rendering the judgment and imposing the sentence has lost jurisdiction over the case and is without power to vacate, set aside or modify the judgment. (*People* v. *Turney*, 273 Ill. 546; *People* v. *Whitman*, 277 id. 408; *People* v. *LaBuy*, 285 id. 141.) The effort made to distinguish the case at bar from the decided cases is based upon the fact that the motion to vacate the original judgment of conviction in this case was entered prior to the time defendants were delivered to the warden of the penitentiary. We see no force in the argument. The mere filing of a motion to vacate does not have the effect of staying the *mittimus*. No entry was made upon the docket, except leave to file the motion and fixing a date for hearing upon it. The *mittimuses* were in full force and effect at the time defendants were delivered to the warden of the penitentiary. At the time the court attempted to set aside the judgment of conviction it had lost all jurisdiction over the defendants and the case against them. The judgment of October 5 was a nullity, as was also the judgment of December 23.

The writ of *mandamus* will be awarded. The writ will be directed against the judges of the criminal court of Cook county, and may be served upon any person acting as a judge of said court at the time of service.

*Writ awarded.*