**The People of the State of Illinois ex rel. E. Harold Wineland, State's Attorney, Appellant, v. E. E. Calhoon, Appellee.**

Opinion filed November 9, 1936.

E. Harold Wineland, State's Attorney, for appellant.

A. N. Tolliver, of Louisville, for appellee.

Mr. Presiding Justice Stone delivered the opinion of the court.

The defendant, Clinton Rich, was prosecuted in the county court of Clay county on an information charging him with a violation of the Illinois Liquor Control Act, Ill. State Bar Stats. 1935, ch. 43. He was found guilty by a jury and sentenced by the court on April 20, 1935, to pay a fine of $150 and the costs of court and to stand committed to the county jail of Clay county until the fine and costs were paid. On the same day he was placed in the care and custody of the sheriff of Clay county and imprisoned in jail, and on May 6th, following, he was released from the custody of the sheriff by an order of the said county court, entered as follows:

"Now, on this 6th day of May, 1935, the Court remits the sum of fifty dollars ($50.00) on the said fine of one hundred fifty dollars ($150.00), leaving the fine as one hundred dollars ($100.00), and remits the cost therein."

The defendant, Clinton Rich, paid the $100 fine and was released from jail on May 6, the date of the aforesaid order.

The aforesaid order of May 6 was entered without notice or knowledge of the State's attorney of the said county at that time, who was admittedly the legal representative of the People of the State of Illinois.

The clerk of the county court refused to abide by the order of the court remitting the costs, and from the $100 which was paid to him, he deducted his costs as clerk of the court and the sheriff's and State's attorney's fees and applied the balance on the pay-

ment of the fine. The sheriff abided by the said order and released the defendant from jail. Thereafter, the State's attorney, upon its coming to his notice and attention that the order of May 6 had been made, requested the court to strike the said order from the record, which was refused.

Thereafter, on the 15th day of May, 1935, this action for a writ of mandamus was filed in the circuit court of Clay county to compel the respondent to expunge the void order of May 6, 1935, from the record of the court, the action being prosecuted by the State's attorney of the county, in the name and on behalf of the People of the State of Illinois, and the petition being verified by affidavit of the State's attorney.

The respondent filed a general demurrer to the petition, alleging as a special cause of the demurrer that the circuit and county courts were courts of concurrent jurisdiction relating to the subject of misdemeanors and, therefore, the circuit court had no jurisdiction to grant a writ of mandamus directed to the county court in such a case. The demurrer was overruled and thereafter the respondent was defaulted for lack of an answer. On December 20, 1935, the matter was heard upon the petition, by the trial court, and subsequently the court refused to grant the writ, although it appeared at the hearing that there was no controversy as to the facts of the case.

By the act of overruling the demurrer to the petition for mandamus in this cause, the court held that the petition was good. No answer was filed, so the court heard said petition upon what was tantamount to the admitted facts therein set forth. The trial court held that no good purpose would be served by granting the relief sought. It, therefore, dismissed the petition and struck the cause.

The court thereby assumed a discretion in this case which we are convinced by the greater weight of the

authorities it could not lawfully exercise, however strong the temptation must have been to take the action the trial court did take in a matter which is somewhat trivial to be brought to this court. It is here, however, and since it is here there must be applied to it certain well defined and well established principles of law. The amount involved does not warrant courts from departing from those principles. It is a part of our fundamental law that the Governor alone has the power to grant reprieves, commutations and pardons after conviction, for all offenses, and our Supreme Court has held by all offenses is meant misdemeanors as well as felonies. In the case at bar, a final sentence was pronounced—that is, a fine of $150 and costs of suit, and that defendant stand committed to the county jail until fine and costs are paid. This sentence was not only final, but the defendant had accepted it as such and had begun to serve the sentence imposed. It is true that the jail sentence was conditional upon his paying the fine and was only a means to enforce the payment thereof.

We know of no law in Illinois which gives a trial court the power or jurisdiction to remit fines or parts of fines under these circumstances. By a long line of decisions our Supreme Court has held that where a person has been convicted and delivered to the prison authorities by commitment of the court wherein he was convicted, that court has no power of jurisdiction subsequently to vacate or modify the judgment of the court. (*People v. Turney,* 273 Ill. 546, 113 N. E. 105; *People v. Williams,* 352 Ill. 227, 185 N. E. 598; *People v. Rudecki,* 309 Ill. 125, 140 N. E. 832.) We interpret this to mean that the court is powerless after final judgment, even though it be for a fine, to remit or modify that fine, even though the term at which said fine was fixed has not yet adjourned.

It follows, therefore, that the court was without jurisdiction to enter this order, and that said order is, therefore, void. The power to change that fine as indicated above, rests with the Governor of the State under proper application.

A void order may be expunged by mandamus. Since the People, through their State's attorney, insist upon their technical right in this case, we are of the opinion that they have shown a clear right such as the law demands, for the peremptory writ of mandamus. In *People v. Hotz,* 327 Ill. 433, it was held "the Court has no discretion in granting a writ of mandamus where it is sought to enforce a provision of the Constitution and the Court cannot abrogate a constitutional requirement on the theory that the public good will not be thereby promoted."

However loath we may be to reverse this decision, under all the circumstances in the case, we are constrained to the belief that we cannot do otherwise.

The judgment of the circuit court is reversed and this cause is remanded with instructions to that court to award the writ of mandamus.

*Reversed and remanded.*