**Elsie Grasso, Plaintiff-Appellee, v. Edmund J. Kucharski, Recorder of Deeds and Registrar of Titles, and The County of Cook, a Body Politic and Corporate, Defendant-Appellant.**

Gen. No. 52,266.

First District, Third Division.

March 21, 1968.

John J. Stamos, State's Attorney of Cook County, of Chicago (Edward J. Hladis, Chief of Civil Division, Dean H. Bilton, Nicholas F. Trovato, and Ronald Butler, Assistant State's Attorneys, of counsel), for appellant.

James D. Griffith, of Chicago, for appellee.

MR. PRESIDING JUSTICE DEMPSEY delivered the opinion of the court.

The plaintiff was injured in May, 1960, when she tumbled over a stool in an aisle of the Cook County Recorder's office. Her complaint charged that her injury was caused by the negligence of Edmund J. Kucharski, Recorder of Deeds, and the County of Cook. A motion to strike and dismiss the complaint was filed on behalf of both defendants, but was sustained only as to Kucharski. The cause proceeded to trial and a verdict for the plaintiff in the sum of $5,000 was returned by the jury.

The sole question presented for determination on appeal is whether the decision in Harvey v. Clyde Park

Dist., 32 Ill2d 60, 203 NE2d 573 (1965), should be limited to incidents occurring after the date it was handed down. If the decision has only prospective application, the plaintiff's judgment must be reversed for her injury occurred prior to the date of that decision.

In Harvey, the Supreme Court held unconstitutional the statute (Ill Rev Stats 1963, c 105, par 12–1) which granted park districts immunity from tort liability. In arriving at its conclusion the court took into consideration the entire legislative scheme relating to the tort immunity of governmental units under which complete immunity was conferred upon some, partial immunity upon a few and no immunity upon others. The basis of the decision was that the legislative classification was not rationally determined and was in violation of section 22 of Article IV of the Illinois Constitution which forbids the granting of any special or exclusive privilege, immunity or franchise to any corporation, association or individual. It was held that persons injured by the negligence of various governmental units were also classified by the legislative arrangement and that this was contrary to section 22 which prohibits the enlargement of the rights of one or more persons in discrimination against the rights of others.

While it was not so stated, there could be no doubt from a reading of the opinion that the court considered all of the governmental-immunity statutes to be in the same category as the park district statute. That this was so was confirmed in the case of Hutchings v. Kraject, 34 Ill2d 379, 215 NE2d 274 (1966). There the court considered the statute which granted counties immunity from negligence (Ill Rev Stats 1963, c 34, par 301.1) and, for the same reasons as set forth in Harvey, found it to be unconstitutional.

The Harvey and Hutchings decisions contain no language limiting their effect to occurrences subsequent to

the date of their filing; despite this, it is urged that the case of Molitor v. Kaneland Community Dist. No. 302, 18 Ill2d 11, 163 NE2d 89 (1959), dictates that they be so limited. In Molitor a pupil was injured when a bus in which he was riding, and which belonged to the defendant, left the road, exploded and burned. Although the precise question before the court concerned the immunity of school districts, the effect of the decision was to abolish the common-law doctrine of sovereign immunity for all local governmental units in this state. The court limited the consequences of its holding to occurrences transpiring after the date of the opinion, for it believed that not to do so would work a hardship upon school districts which, in reliance upon the doctrine of tort immunity, had neither procured insurance nor investigated past accidents.

Following the Molitor opinion, the Illinois legislature enacted statutes which restored tort immunity to various governmental units including counties. The County of Cook maintains that it placed reliance on this statutory confirmation of its immunity and that it is a victim of the same lack of foresight attributed to school districts in Molitor.

 Molitor involved a change in the common law —a departure from the principle of stare decisis. In cases which do not involve the constitutionality of a statute courts have the inherent power to declare that their decisions, even though they concern constitutional claims, shall not be applied retroactively. See, for example, Johnson v. New Jersey, 384 US 719, 16 L Ed2d 882, 86 S Ct 1772 (1966), which limited the decisions in Escobedo v. Illinois, 378 US 478, 12 L Ed2d 977, 84 S Ct 1758 (1964), and Miranda v. State of Arizona, 384 US 436, 16 L Ed2d 694, 86 S Ct 1602 (1966), to prospective application, and Linkletter v. Walker, 381, US 618, 14 L Ed2d 601, 85 S Ct 1731 (1965), which similarly limited the decision of Mapp

v. Ohio, 367 US 643, 6 L Ed2d 1081, 81 S Ct 1684 (1961). Harvey and Hutchings, however, unlike Molitor, did not involve a change in the common law, but were concerned solely with the constitutionality of statutes. When a statute is declared to be unconstitutional it is considered to be void as of the date of its enactment. No rights can be predicated upon it, nor can it afford protection to anyone who has acted under it. In legal contemplation it is as inoperative as though it had never been in existence. Mills v. Peoples Gas Light & Coke Co., 327 Ill 508, 158 NE 814 (1927) ; Peterson v. Montegna & Co., 11 Ill App2d 109, 136 NE2d 586 (1956). If it were to be held that Harvey and Hutchings should operate prospectively only, it would be equivalent to declaring that the statutes which they invalidated were at one time constitutional. This cannot be done.

Since the injury suffered by the plaintiff occurred after the common-law doctrine of sovereign immunity was abolished in Illinois, the judgment of the Circuit Court is affirmed.

Affirmed.

SCHWARTZ and SULLIVAN, JJ., concur.