THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, *v.* DORIE WEINTRAUB *et al.,* Defendants-Appellants.

(No. 73-132;

Fifth District—June 25, 1974.

Robert E. Farrell and Richard E. Cunningham, both of the State Appellate Defender's Office, of Mt. Vernon, and William A. Hyde, Senior Law Student, for appellant Dorie Weintraub.

Hendricks & Watt, of Murphysboro (David W. Watt, Jr. and Earl S. Hendricks, Jr., of counsel), for appellants Yolande Tullar, Terry G. Nelms, and Roger Genet.

Arnold M. Jochums, of Carbondale, for appellants Rima Riszkiewicz, Christopher S. Korch, Herbert Kent, and Terry J. Munk.

Howard L. Hood, State's Attorney, of Murphysboro, for the People.

Mr. JUSTICE CARTER delivered the opinion of the court:

This is an appeal by eight defendants involved in seven cases decided in the Circuit Court of Jackson County. These seven cases were consolidated for appeal since a common issue is involved—namely, the effect of the Illinois Supreme Court's declaration in *People v. McCabe,* 49 Ill.2d 338, that section 22—40 of the Criminal Code is unconstitutional insofar as it relates to marijuana.

All of the defendants pled guilty to the possession of marijuana in violation of section 22—40 and were sentenced to varying terms of probation and to fines ranging from $250 to $1000. On dates ranging from approximately 11½ months to slightly more than 2 years following the date of sentencing the various defendants filed motions to terminate their probation and withdraw the guilty plea. All of the defendants except Weintraub also requested a refund of fines and costs paid by them. In the case of Weintraub the record indicates that she had not paid any of the fine. Four of the defendants, Weintraub, Genet, Tullar, and Nelms, also asked that the record be expunged.

The trial court granted all of the motions with respect to the termina-

tion of probation but did not grant any of the other relief requested, claiming that it had no authority to grant any relief beyond the termination of probation.

The issue on appeal, therefore, is whether or not the trial court had authority to grant the additional relief requested by the various defendants, namely, withdrawal of the guilty plea and vacation of judgment, return of fines and costs paid by the defendants, and expunction of the record.

In denying the additional relief requested, the trial court delivered a well-reasoned decision and order, the gist of his reasoning being (1) that *McCabe* was decided after all of the defendants had been sentenced and that the holding in that case was not retroactive; (2) that none of the defendants filed in time for a direct appeal; and (3) that only three statutory methods are available for making a collateral attack upon a judgment, and none of the defendants qualified under any of these. The three methods listed by the trial court are procedure under section 72 of the Civil Practice Act (Ill. Rev. Stat., ch. 110, sec. 72); relief under the Habeas Corpus Act (Ill. Rev. Stat., ch. 65, sec. 22); and proceedings under the Post-Conviction Hearing Act (Ill. Rev. Stat., ch. 38, sec. 122—1 *et seq.*).

The issues involved for our consideration are whether or not the holding in *McCabe* is retroactive and, if it is retroactive, whether any or all of the defendants are entitled to the relief requested, in view of the motions made by them and the timing of these motions.

■■ *McCabe* held that the classification of marijuana under the Narcotic Drug Act with a mandatory 10-year sentence upon first conviction, rather than under the Drug Abuse Control Act with a maximum of 1 year and no prohibition on probation, was arbitrary and deprived the defendant of equal protection. We have no hesitancy in deciding that this holding is retroactive.

In *People ex rel. Barrett v. Sbarbaro,* 386 Ill. 581, 590, the court said: "An invalid law is no law at all. It confers no rights and imposes no duties. * * * The effect of the enactment of an invalid amendment to a statute is to leave the law in force as it existed prior to the adoption of such amendment. * * * That portion of an order, judgment or decree of a court having jurisdiction of the subject matter and the parties, to a controversy, which is in excess of that jurisdiction, is as futile as an entire decree without any jurisdiction."

■■ In *People v. Rogers,* 401 Ill. 53, 56-57, the court said: "Since an invalid law is no law at all and wholly inoperative, the effect of the invalid amendment of 1941 was to leave the Parole law in force as it existed prior to the adoption of the 1941 amendment." In *Grasso v.*

*Kucharski,* 93 Ill.App.2d 233, the plaintiff was injured when she stumbled over a stool in the Cook County recorder's office. This occurred in May, 1960. She sued and recovered $5000. The county appealed claiming governmental immunity. Appellee contended that the Tort Immunity Act, which would have barred her suit, was declared unconstitutional in 1965 and that its effect was retroactive. The court agreed, holding that, if there is no language in the decree which limits the effect of a holding of unconstitutionality, such holding operates retrospectively. It distinguished *Molitor v. Kaneland Community Unit District No. 302,* 18 Ill.2d 11, by pointing out that the court did expressly limit the retrospective effect of its decision in *Molitor.* In *Grasso* the court stated: "When a statute is declared to be unconstitutional it is considered to be void as of the date of its enactment. No rights can be predicated upon it nor can it afford protection to anyone who has acted under it. In legal contemplation it is as inoperative as though it had never been in existence." Holding that a decision declaring a law unconstitutional operates only prospectively, the court stated, "* * * would be equivalent to declaring that the statutes which they invalidated were at one time constitutional. This cannot be done." 93 Ill.App.2d at 237.

Holding that a law is unconstitutional is quite different from holding that a defendant has not received constitutional treatment under a law. In the latter case the law is still there. He may be guilty, though certain of his rights may have been overridden. But, if the law is unconstitutional, there is no law and there can be no question about proper procedures for protecting his rights under the law because in theory his rights have never been threatened or affected, and he should be placed in the position he occupied before he was arrested.

In our opinion all of these defendants are entitled to be placed in the position they would have been in had the provision on marijuana not been a part of the law. This means that they would not have been arrested, would not have appeared in court, would not have been placed on probation or fined, and there would be no record. It appears to this court that, when a defendant is in this position and files a motion with the court to have his status restored, he should not be bound by the rules and procedures which have been written for defendants who may in fact be guilty of having violated a law and whose rights to show otherwise or to show that proper procedures were not followed can rightfully be circumscribed by rules which they are then bound to follow.

Certainly we must agree that the time for a direct appeal has expired, though it may be argued that a direct appeal is not involved since in all of these cases the appeal is from denial of a motion which in effect is a collateral attack upon the convictions. We can agree also that habeas

corpus and the provisions on post-conviction relief do not apply because of the statutory definition of situations in which the defendant must be in for them to apply.

The legislative history of section 72 indicates that it was the purpose of the Legislature to provide a remedy for those who might otherwise be denied while still imposing some bounds with respect to time. But in *Irving v. Rodriquez*, 27 Ill.App.2d 75, 79, the court said: "A void judgment as distinguished from a voidable judgment may be vacated at any time, *even after the expiration of the prescribed period within which judgments ordinarily may be vacated. The duty to vacate a void judgment is based upon the inherent power of the court to expunge from its records void acts of which it has knowledge. The doctrines of laches and estoppel do not apply.*" (Emphasis added.) In *United States v. Lewis*, 342 F.Supp. 833, the defendant filed a motion in the nature of an application for a writ of error coram nobis to have set aside a 1958 conviction for evading a special occupational tax under the Internal Revenue Code and to have his fine remitted. The special occupational tax provision was held unconstitutional by the United States Supreme Court in 1968. The Court quoted Justice Harlan in *United States v. United States Coin & Currency*, 401 U.S. 715, 28 L.Ed.2d 434, 91 S.Ct. 1041 (1971): "'*Marchetti* and *Grosso* [cases holding a law unconstitutional] dealt with the kind of conduct that cannot constitutionally be punished in the first instance.'" (342 F. Supp. at 835.) The court then went on to say: "Complete retroactivity has now been accorded  *  *  *." (342 L. Supp. at 835.) In this case the court makes the further significant statements: "The government, however, advances the transparent argument that because [defendants] chose to plead guilty they voluntarily acquiesced in their sentences and are not entitled to reimbursement of the money which they paid as fines.  *  *  *  This reasoning ignores the realities and imperfections in the administration of criminal justice  *  *  *  in such circumstances, it is not possible to waive an unknown right  *  *  *  the payment of a court-imposed fine in the face of the unfavorable, and since abandoned, constitutional principles embodied  *  *  *  can hardly be described as voluntary acts  *  *  *  certainly this court's equity powers are broad enough to remedy the situation here existing in which manifest injustice has occurred."

None of the cases cited by the State (*People ex rel. Wineland v. Calhoon*, 287 Ill.App. 273; *Village of Park Forest v. Bragg*, 38 Ill.2d 225; *People v. Bandy*, 239 Ill.App. 273) involved the constitutionality of a law. *Calhoon* involved a mandamus action to expunge the record. *Bandy* involved a writ of error alleging that the information did not state sufficient

facts to constitute a crime, and in *Bragg* the Supreme Court simply held that a magistrate does not have statutory or inherent power to suspend fines indefinitely.

This court held in *People v. Macieiski* (order filed April 27, 1972, Docket No. 72-69—not reported) that it had the power to vacate judgments and provide for the remission of fines when one has pled guilty and been sentenced under a law later declared to be unconstitutional.

■■ We believe that under the circumstances involved in these cases all of the defendants are entitled to the relief requested. Accordingly, we remand these cases to the Circuit Court of Jackson County for the institution of proper steps to grant this relief.

Affirmed with respect to termination of probation. Remanded with directions for the granting of other relief requested by the defendants.

Affirmed and remanded with directions.

CREBS and EBERSPACHER, JJ., concur.