JAMES McCABE, Plaintiff-Appellant, *v.* JAMES BURGESS, State's Attorney for Champaign County, *et al.*, Defendants-Appellees.

Fourth District   No. 14486

Opinion filed March 3, 1978.

Robert I. Auler, of Auler Law Offices, of Urbana, for appellant.

Thomas J. Difanis, State's Attorney, of Urbana, for appellees.

Mr. JUSTICE CRAVEN delivered the opinion of the court:

This case comes on appeal from a trial court order dismissing plaintiff's class action complaint. The Illinois Supreme Court, in the case of *People v. McCabe* (1971), 49 Ill. 2d 338, 275 N.E.2d 407, held that a defendant convicted of the illegal sale of marijuana under section 38 of the 1969 Uniform Narcotic Drug Act (Ill. Rev. Stat. 1969, ch. 38, par. 22—40) was denied equal protection of the law under the United States and Illinois constitutions. Later, in *People v. Meyerowitz* (1975), 61 Ill. 2d 200, 335 N.E.2d 1, the court held that the *McCabe* case must be given retroactive application and all persons convicted under section 38 are entitled to have their convictions expunged, and a refund of their fines and costs without interest.

The complaint in the present suit seeks the relief afforded by *Meyerowitz, i.e.*, an expungent of the convictions and a recovery of fines and costs for those persons convicted and sentenced under sections 3 and 38 of the 1969 Uniform Narcotic Drug Act (Ill. Rev. Stat. 1969, ch. 38, pars. 22—3, 22—40) in Champaign County.

During the pendency of this appeal, the legislature has passed and the Governor has signed a new law governing class actions, section 57.2 of the Civil Practice Act (Pub. Act 80-809), as basically proposed in K. Ford, *Class Actions in Illinois: Toward a More Attractive Forum for this Essential Remedy*, 26 DePaul L. Rev. 211 (1977). The law became effective on October 1, 1977. In *Steinberg v. Chicago Medical School* (1977), 69 Ill. 2d 320, 371 N.E.2d 634, the supreme court applied this new statute to a class action suit that had been filed before the statute was enacted. The court reasoned that a statute, procedural in nature, applies to cases currently pending. Therefore, our analysis in the present case must concern an application of the class action statute.

Section 57.2 of the Civil Practice Act lists four prerequisites for a class action: (1) The class is so numerous that joinder of all members is impractical; (2) there are questions of fact or law common to the class, which common questions predominate over any questions affecting only individual members; (3) the representative parties will fairly and adequately protect the interests of the class; and (4) the class action is an appropriate method for the fair and efficient adjudication of the controversy.

In this case, the trial court held that the plaintiff did not demonstrate that the number of possible class members is so great as to render separate litigation impossible or impractical. Little attention has been devoted to this requirement in Illinois and the courts have refrained from settling any specific minimum number of plaintiffs required for a class action. The test simply requires a case-by-case analysis.

■■ When ruling on a motion to dismiss, all well-pleaded facts must be taken as true, albeit conclusions of law are not admitted. (*E.g., Acorn Auto Driving School, Inc. v. Board of Education* (1963), 27 Ill. 2d 93, 187 N.E.2d 722.) Plaintiff alleged in his complaint "that the number of possible members of the said class, being in the hundreds or thousands, renders separate litigation impossible or impractical." Defendant conceded that the class could include several hundred persons. The mere fact that there are numerous aggrieved parties, all of whom have similar claims against the defendant, is not alone sufficient to support a class action. (*Reardon v. Ford Motor Co.* (1972), 7 Ill. App. 3d 338, 287 N.E.2d 519.) However, only the potential number of members need be great enough to render separate litigation impractical. *Cf. De Phillips v. Mortgage Associates, Inc.* (1972), 8 Ill. App. 3d 759, 291 N.E.2d 329.

■■ The trial court also found that plaintiff McCabe did not adequately demonstrate his ability to represent the class. Because of obvious due process requirements, there must be an adequate representation of the class if the judgment is to be binding on the absent members. (*Hansberry v. Lee* (1940), 311 U.S. 32, 85 L. Ed. 22, 61 S. Ct. 115.) There is no evidence in the record to indicate that plaintiff is not representative of the class.

The requirement that a representative adequately represent the class means that the representative must be a member of the class he represents. (*Rodriquez v. Credit Systems Specialists, Inc.* (1974), 17 Ill. App. 3d 606, 308 N.E.2d 342.) The rule offers some assurance of the diligent and vigorous representation of the class. It is not disputed that the plaintiff in the instant case was convicted under the 1969 Uniform Narcotic Drug Act which was held unconstitutional, and that he is, therefore, a member of the class.

There must be no conflict of interest between the representative and the represented class members. (*Ross v. City of Geneva* (1976), 43 Ill. App. 3d 976, 357 N.E.2d 829, *aff'd* (1978), 71 Ill. 2d 27, 373 N.E.2d 1342.) This record does not disclose nor suggest a conflict of interest. In the absence of some record suggestion that would warrant a finding that the representative will not fairly and adequately represent the class, the cause may proceed as a class action. See section 57.2 of the Civil Practice Act and *Landesman v. General Motors Corp.* (1976), 42 Ill. App. 3d 363, 356 N.E.2d 105.

■■ Here, the plaintiff alleged in his complaint that he was a member of the class and there is no evidence that he is any way incapable of performing the functions of a class representative. The dismissal of the complaint upon a theory of inadequate representation was in error. The class members who do not wish to be represented in the class action may opt out. Section 57.5(b) of the Civil Practice Act (Pub. Act 80-809).

■■ Defendants assert on appeal that plaintiff did not state an equitable cause of action and has no right or interest in notifying other persons of their right to relief under *Meyerowitz*. These arguments have been answered by the new class action statute. No longer must the cause of action be equitable, and the new statute provides for notice to absent class members in class action cases. (Sections 57.2, 57.4, Civil Practice Act (Pub. Act 80-809).) The common fund requirement has also been abolished. *Steinberg.*

The trial court noted in its order of dismissal that a class action lawsuit would have the prospects of embarrassment and intrusion into the private lives of the members of the class. The court theorized that one may legitimately wish to conceal a past conviction from his present life. However, section 16 of "An Act to revise the law in relation to clerks of

courts" (Ill. Rev. Stat. 1975, ch. 25, par. 16), provides that all records required to be kept by the circuit court are public records and shall be free to public inspection. There is no problem of privacy in the present suit. The procedure contemplated by the plaintiff would not intrude into the private lives of the parties. The fact that some members of the class may not seek relief because of some factor peculiar to them does not bar the class action. *Ross.*

The class action statute also requires that there be questions of fact or law common to the class and that these common questions must predominate over any questions affecting only individual members. There has been a great deal of litigation over this particular requirement. Numerous cases have discussed the issue of whether a class action may be maintained when the claims of the members require proof of defendant's liability to each particular member of the class. *Newberry Library v. Board of Education* (1944), 387 Ill. 85, 55 N.E.2d 147; *Peoples Store of Roseland v. McKibbin* (1942), 379 Ill. 148, 39 N.E.2d 995; *Hagerty v. General Motors Corp.* (1974), 59 Ill. 2d 52, 319 N.E.2d 5; *Reardon v. Ford Motor Co.; Highsmith v. Allstate Insurance Co.* (1974), 17 Ill. App. 3d 615, 308 N.E.2d 204.

Several other cases have established that proof of separate transactions between the members of the class and the defendant does not automatically bar a class action. (*Moseid v. McDonough* (1968), 103 Ill. App. 2d 23, 243 N.E.2d 394; *Brooks v. Midas-International Corp.* (1977), 47 Ill. App. 3d 266, 361 N.E.2d 815; *Cohon v. Oscar L. Paris Co.* (1958), 17 Ill. App. 2d 21, 149 N.E.2d 472; *Fiorito v. Jones* (1968), 39 Ill. 2d 531, 236 N.E.2d 698.) The courts have long recognized the confusion in this area (*Kruse v. Streamwood Utilities Corp.* (1962), 34 Ill. App. 2d 100, 108, 180 N.E.2d 731, 735), and in answer to it, the legislature has adopted the approach that was articulated in *Harrison Sheet Steel Co. v. Lyons* (1959), 15 Ill. 2d 532, 155 N.E.2d 595. There the court held that a class action is permissible if the common questions or facts are dominant and pervasive over the questions involving individual members.

■■ In weighing the question of whether the common issues and fact questions predominate, the trial court must consider whether the class action would save time, effort, expense, and promote the uniformity as to those persons similarly situated. (39 F.R.D. 69, 102-103 (1966).) Many of these considerations are also involved in the fourth statutory requirement for a class action, *i.e.*, that the class action is a fair and efficient method to proceed with the suit.

In the instant case, defendants agree that the legal question of convictions under the 1969 Uniform Narcotic Drug Act has been decided by *Meyerowitz*. However, defendants argue that because the legal question of liability has already been decided in *Meyerowitz*, there would

be no useful purpose in a class action here because it would only involve the resolution of individual fact questions. In addition, defendants point out that there are separate and distinct questions of fact that militate against a class action, that is, the trial court will have to determine whether each plaintiff was convicted under the Act and what amount of fines and costs each is entitled to have refunded.

■■ This is the kind of case that is well suited for a class action. The fact that the common legal right of the class to recover has already been decided does not defeat the class action. Other considerations that weigh into the process demonstrate that the common right to recover predominates over the individual questions. See *Steinberg* and *Ross.*

The administrative convenience is enhanced by dealing with all of the cases in one trial. When notice is given to the class, the judgment will be binding on all absent members. The individual fact questions are not the type that bar a class action.

Moreover, this class action avoids the economic impediment of individual filing fees by spreading the costs and attorney fees throughout the class. The action vindicates the rights of numerous claimants in one action when individual actions might be impractical. (*Adams v. Jewel Companies, Inc.* (1976), 63 Ill. 2d 336, 348 N.E.2d 161.) We also note that the suit is limited to a manageable geographic area, *i.e.,* Champaign County.

It is to be noted that all members of the class share a common right to a return of court costs because they were required to pay them. (Ill. Rev. Stat. 1969, ch. 38, par. 180—3.) Those who were fined will be entitled to that money also, and all members of the class are entitled to an expungement of their individual convictions. Thus, a large number of people who have suffered a similar injury from a single source, the common application of the same statute, are all entitled to similar relief.

We hold that in the present case all members of the class share a common decision of law which predominates over any questions affecting only individual members. Moreover, this class action is an appropriate method for the fair and efficient adjudication of the controversy.

Accordingly, the judgment of the circuit court is reversed and this cause is remanded for further proceedings in accordance with this opinion.

Reversed and remanded with directions.

REARDON, P. J., and TRAPP, J., concur.